STATE *v.* HYMAN GLADSTONE.

October Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 4, 1941.

*John J. Deschenes* for respondent.

*John.T. Conley,* State's Attorney, for the State.

STURTEVANT, J. This is a criminal case in which the respondent, Hyman Gladstone, was charged with a violation of P. L. 7688 as amended by No. 208 of the Acts of 1939. The specific charge in the information was in substance that the respondent offered for sale thirty loaves of bread each loaf wrapped in a separate wrapper on which appeared the marking ''20 Ozs.'' and the weight of each loaf was two ounces less than so represented. To this charge the respondent filed a plea in the nature of a plea in abatement to which the State demurred. The case is here before final judgment under authority of P. L. 2072 upon exceptions taken by the respondent to the action of the court in sustaining the demurrer.

The portions of the plea here material were as follows:

''1. That the act on which said information is based is unconstitutional and void as to your respondent in that it forbids variation from the net quantity set forth on the container regardless of whether said variations are above or below the quantity set forth on said container and thus said act imposes upon respondent the arbitrary, unreasonable and extreme burden of not inserting too great a quantity in said containers, which burden has no relation to the public welfare and is not calculated for the protection of the purchaser against imposition and fraud by short quantities, and which burden makes extremely, unreasonably, arbitrarily and unnecessarily difficult the burden of not inserting too small a quantity in said containers and has thus deprived respondent of his rights guaranteed under the Fourteenth Amendment of the United States Constitution.

''2. That the statute on which said information is based is further unconstitutional and void in that it makes no provisions for averaging the weight of a number of loaves, nor for the period of time during which the weight of each loaf must correspond to the weight set forth on the container, nor for any tolerance or variation other than that permitted by rules and regulations made from time to

time by the director of standards, which rules and regulations allow for no tolerance or variation whatsoever, and for these reasons and each of them said statute deprives respondent of his constitutional rights under the Fourteenth Amendment of the United States Constitution by imposing upon respondent a burden which is unreasonable, arbitrary and burdensome to an extreme degree and which has no necessary or proper relation to the public welfare.

"3. That said information fails to state an offense against the State of Vermont for the reason that it fails to negative a reasonable variation and for the further reason that the variation set forth in said information is as a matter of law reasonable under the meaning and intent of said act because of the difficulties and wasteful expense which would result from a closer approximation of the exact net weight of bread contained in said containers and for the further reason that any finding that said variation was unreasonable under the circumstances and difficulties involved in the labelling of the exact quantity of bread contained would render said act unconstitutional under the Fourteenth Amendment of the United States Constitution as an arbitrary and unreasonable restriction having no sufficient relation to the public welfare."

P. L. 7688 as amended by No. 208 of the Acts of 1939 states:

"*Marking containers.* A person who sells, offers or exposes for sale food in containers or package form shall have the correct net quantity of the contents plainly and conspicuously marked on the outside of the package or container in terms of weight, measure or numerical count; but reasonable variation shall be permitted and allowance and exemption as to small packages shall be established by rules and regulations made from time to time by the director of standards. The term 'food' as used

herein shall mean articles used for food or drink for man or animals and articles used for components of any such article."

Chapter 298 of the Public Laws deals with weights, measures and state standards. The sections of this chapter here material as amended by No. 197 of the Acts of 1937 are:

P. L. 7653. "*Director of standards.* The commissioner of agriculture, by virtue of his office, shall be director of standards."

P. L. 7662. "*Tolerances.* The director, after consultation with and with the advice of the National Bureau of Standards, shall establish tolerances for use in the state and such tolerances shall be the legal tolerances in the state."

P. L. Sec. 7663. "*Rules and regulations.* The director may make suitable rules and regulations to govern the sale of commodities."

Prior to the enactment of No. 197 of the Acts of 1937 jurisdiction of the matters dealt with in P. L. Chapter 298 was with the commissioner of industries who by virtue of his office was commissioner of weights and measures. P. L. 7653. By this amendment this jurisdiction was transferred to the department of agriculture and the commissioner of agriculture by virtue of his office was made director of standards.

Sec. 5 of the act is as follows: "*Construction.* Whenever the words 'commissioner of weights and measures' appear in the Public Laws, the words 'director of standards' shall be substituted therefor; and whenever the word 'commissioner' appears in chapter 298 of the Public Laws the word 'director' shall be substituted therefor."

Sec. 6 provides that the act should become effective July 1, 1937.

█ Since rules and regulations promulgated by authority of P. L. 7688 or under this section as amended by No. 208 of the Acts of 1939 must be given the force of law we take judicial notice of all such rules and regulations here material. 20 Am. Jur., page 67, Sec. 44.

█ We also take judicial notice of such tolerances as are

here material and which have been established by authority of P. L. 7662 either before or after the above mentioned amendment. These tolerances, when so established, are made the legal tolerances of the State by force of this statute and so when once fixed in accordance with law they will remain in force until changed, modified, nullified or repealed by competent authority.

We therefore note that the material rules, regulations and tolerances as to bread in force at all times here material were as follows.

Under authority of Section 5877, General Laws of Vermont, (now P. L. 7662) the following tolerances or variations from the marked weight on individual loaves of bread are established:

| | In Deficiency | In Excess |
|---|---|---|
| Less than 1 lb. | ½ ounce | 1 ounce |
| 1 lb. and less than 1½ lbs. | ¾ ounce | 1½ ounces |
| More than 1½ lbs. and less than 2 lbs. | 1 ounce | 2 ounces |
| More than 2 lbs. and less than 3 lbs. | 1¼ ounces | 2½ ounces |

"Any increase in weight of loaves of bread from the above shall be governed by same ratio of tolerances.

"These tolerances shall apply only to individual loaves.

"Variations from the marked weight shall be as often above as below the marked weight and the average weight of all loaves of the same kind not less than six in number available for weighing at the same time and place shall at least equal the marked weight of such loaves. There is no tolerance or allowance for any deficiency whatever in average weight."

Therefore it appears that since the law allows for a variation in weight of a single loaf either above or below that marked on the wrapper the reasons alleged by the respondent in paragraph 1 of his plea as to why he should be discharged are without merit.

As to paragraph 2 of the plea it appears that the law does make provision for the weight of a number of loaves not less than six, that the actual weight of a single loaf is not required to agree with the weight marked on the container for any length

of time whatever and that tolerances and variations are established and permitted.

■ As to the third and last paragraph of the plea it appears that the information charges that each of the thirty loaves of bread offered for sale by the respondent weighed two ounces less than the weight marked on the wrapper and this shortage in weight being greater than the tolerance allowed by law it follows that a violation of the law is charged. Also, as above stated, the law does not require the actual weight of the loaf to be as marked on the wrapper. The allegation that the variation between the actual weight of each loaf with which we are here concerned and the weight marked on the package was unreasonable because of the difficulties and wasteful expense which would result from a closer approximation is merely the statement of a conclusion of law supported by no traversable facts and so is without force or effect in the plea. *State* v. *Emery,* 59 Vt. 84, 86, 87, 7 Atl. 129. Also see *State* v. *Ward,* 60 Vt. 142, 14 Atl. 187.

It follows that no error is made to appear.

*Judgment of the county court in sustaining the demurrer is affirmed and cause remanded.*