WILLIAM R. MCFEETERS ET ALS, PUBLIC SERVICE COMMISSION *v.*
J. A. PARKER, D.B.A. WATERBURY CENTER WATER SYSTEM.

January Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed February 2, 1943.

*H. C. Shurtleff* for the respondent.

*Clifton G. Parker,* Deputy Attorney General, for the relators.

SHERBURNE, J. This is a petition for a writ of mandamus to enforce an order of the public service commission. Upon March 24, 1942, after due hearing upon a petition of the attorney general, the commission found the following facts: J. A. Parker, the respondent, operates a water system serving territory around Waterbury Center and this system is a public utility. He obtained permission of the Commission to acquire the property and has since filed annual reports with the commission as required under the laws governing public utilities. The system extends to the premises of Mr. and Mrs. Roland McNeil and Mr. and Mrs. Ralph Post, which are on an extension from the main line of the system. Before November 1, 1941, the respondent delivered to each of the above named families notice that he would not furnish them water after that date. However, he did continue to furnish them water after that date and to collect rent as usual. These parties were paid up and in good standing. In February, 1942, after some minor interruptions which were not of long duration and which were repaired by the respondent, the service stopped. Notice was given to the respondent, but he refused to take any steps to find out what the cause was or to remedy it. He never applied to the commission for permission to discontinue this service. The system has an adequate supply of water even during dry years for all its customers. The respondent will have no financial difficulty in doing whatever is necessary to restore the service. If the water pipe for this service has to be entirely replaced the expense will not be over two hundred dollars. The Post premises are used as an advertised tourist stop and this water supply was necessary in order to obtain ap-

proval and license from the state board of health. The owners were obliged to turn away regular guests during February, 1942. The McNeil farm has been forced to draw water for stock and for family use. The commission finds that continuance of the service to these two families is necessary for the safety, convenience and accommodation of the public. Thereupon the commission ordered the respondent to forthwith furnish to such families such supply of water as had been furnished to them prior to September 23, 1941, under the terms and conditions set forth in his tariff on file with the commission, and that he should forthwith cause the pipe lines and other appliances necessary to bring such supply of water to the buildings of these families to be repaired, replaced and maintained in such a manner that the supply will be available at all times.

The respondent has filed a motion to dismiss, a demurrer and an answer, and the relators have filed a replication. The case was heard upon the motion to dismiss, the demurrer, and upon the facts as found by a commissioner appointed to hear the testimony.

The motion to dismiss and the demurrer, so far as briefed, raise the question that the members of the public service commission are disqualified, and the commission is constituted in violation of the Constitutions of Vermont and the United States, by reason of certain statutes, which taken together are contrary to Article 4 of Chapter I of our Constitution, providing that every person ought to obtain justice freely, completely and without denial; and Section 5 of Chapter II thereof, providing that the executive and judiciary departments shall be kept separate and distinct so that neither shall exercise the powers belonging to the other; and are a denial of the right of due process of law in violation of the Fourteenth Amendment of the Federal Constitution.

P. L. 6054 provides that the three members of the public service commission shall be appointed by the Governor with the advice and consent of the Senate, and that one member shall be appointed biennially for the term of six years. P. L. 448 provides: "The governor may remove any civil officer whose appointment devolves upon the governor in the first instance whether appointed by him or any of his predecessors, with or without the advice and consent of the senate, and appoint a suitable person to succeed such official, subject to removal in his discretion." We agree with the respondent

that the latter section empowers the Governor solely in his discretion to remove all or any of the members of the public service commission without hearing. This conclusion is in accord with *Eckloff* v. *District of Columbia,* 135 US 240, 10 S Ct 752, 34 L ed 120. There a lieutenant of police was removed from office by the commissioners of the District of Columbia without written charges, notice or hearing. The statute empowered the commissioners "to abolish any office, to consolidate two or more offices, reduce the number of employees, remove from office and make appointments to any office under them authorized by law." The Court said: "If this were all the legislation, there would be no question, for the grant of a general power to remove carries with it the right to remove at any time or in any manner deemed best, with or without notice." See also *Bailen* v. *Assessors of Chelsea,* 241 Mass 411, 135 NE 877; *Attorney General* v. *Donahue,* 169 Mass 18, 47 NE 433; *Commonwealth* v. *Harriman,* 134 Mass 314.

Taking the two sections of the Public Laws together, it may reasonably be said that notwithstanding the literal language and the form in which the six year clause is expressed, the intention of the Legislature as shown by the removal section was that members of the public service commission should hold office for six years unless sooner removed by the Governor, or putting the thought in another and clearer way, that they should hold their offices during the pleasure of the Governor, but in no event longer than six years. The difference between saying "for six years, but the governor may remove" and "during the pleasure of the Governor but not longer than six years", is a difference only in manner of expressing the same fundamental thought, which is that the term shall be an indeterminate and indefinite one not exceeding in any event the period of six years. *Collison* v. *State,* 39 Del 460, 2 A2d 97, 119 ALR 1422; *State ex rel. Little* v. *Mitchell,* 50 Kan 289, 33 P 104, 20 LRA 306; 43 Am Jur Public Officers, sec. 184.

█ The Legislature has the same unlimited power in regard to legislation which resides in the British parliament, except as it is restrained by the State and Federal Constitutions. The people must, of course, possess all legislative power originally. They have committed this in the most general and unlimited manner to the several state legislatures, saving only such restrictions as are imposed by the Constitution of the United States or of the particular

state in question. *Thorpe* v. *Rutland & Burlington R. R. Co.,* 27 Vt 140, 142, 143, 62 Am Dec 625. As there is nothing in our Constitution which requires the Legislature in creating offices to affix to them terms of definite duration, it follows that it may provide that such offices shall be held during the pleasure of the Governor, and that the incumbents thereof may be removed at pleasure at any time, without notice or hearing. This holding is supported by the overwhelming weight of authority. See Annotation, 99 ALR 336.

Although, as said in *Humphrey* v. *United States,* 295 US 602, 55 S Ct 869, 874, 79 L ed 1611, "it is quite evident that one who holds his office during the pleasure of another cannot be depended upon to maintain an attitude of independence against the latter's will," we will not assume that the power of removal will be abused by the Governor. As said in *Commonwealth* v. *Harriman, supra,* 134 Mass 314, 329, "Any power may be abused. The judiciary might corruptly declare any law or body of laws to be unconstitutional and invalid, and thus encroach upon the powers of the Legislature; yet no one doubts the right and duty of the judiciary to declare invalid any law which in its judgment violates the Constitution." In confiding to the Governor this power of removal the Legislature may rightfully impose in him the trust and confidence that he will act in obedience to his oaths of allegiance and of office, and in the spirit of the fundamental principles of the Constitution.

■ The public service commission is to be classed as an agency of the Legislature, and is not a court in the strict sense. *Trybulski* v. *Bellows Falls Hydro-Elec. Co.,* 112 Vt 1, 7, 8, 20 A2d 117, 120. As there said, omitting citations, "The public service commission is an administrative body, clothed in some respects with *quasi* judicial functions, authorized in the exercise of the police power to make rules and regulations required by the public safety and convenience and to determine facts upon which existing laws shall operate, and having in a sense, auxilliary or subordinate legislative powers which have been delegated to it by the General Assembly."

■ The respondent has apparently been unable to refer us to any authority that questions the authority of the Legislature to give the Governor this power of removal. We conclude that this power does not conflict with the provisions referred to in the respective Constitutions, for even though by its abuse the Gover-

nor might influence the commission in the exercise of its *quasi* judicial functions, he could not rightfully do so. If we had any doubt upon this it would be resolved by the rule, that every presumption is to be made in favor of the constitutionality of a statute, and it is not to be adjudged unconstitutional without clear and irrefragable evidence that it infringes the paramount law. *State* v. *Clement National Bank,* 84 Vt 167, 200, 78 A 944, Ann Cas 1912 D 22; *Village of Hardwick* v. *Town of Wolcott,* 98 Vt 343, 348, 129 A 159, 39 ALR 1222; *Clark* v. *City of Burlington,* 101 Vt 391, 397, 143 A 677; *Village of St. Johnsbury* v. *Aron,* 103 Vt 22, 27, 151 A 650; *Central Vermont Ry., Inc.,* v. *Campbell,* 108 Vt 510, 523, 192 A 197, 111 ALR 175; *Gross* v. *Gates,* 109 Vt 156, 164, 194 A 465.

There is no claim or even hint that the Governor has in any way influenced the commission in the disposition of this case. As to whether the Governor should have this power of removal of the members of the public service commission is for the Legislature to decide. We are not concerned with the expediency of the law. The motion to dismiss and the demurrer are overruled.

■ The enforcement of such orders of the public service commission is left to this court by P. L. 6065. As said in *West Rutland* v. *Rutland Ry. Light and Power Co.,* 98 Vt 508, 511, 129 A 303, 304, "Ordinarily, when properly applied for, a mandate to enforce such an order would issue almost as a matter of course, but the statute under which we are called upon to act expressly declares that we shall 'make such orders and decrees . . . . by way of writ of mandamus, writ of prohibition, injunction, or otherwise, . . . . as to law and equity shall appertain.' "

■ Although the public service commission is a body exercising special and statutory powers not according to the course of the common law, as to which nothing will be presumed in favor of its jurisdiction, *Bessette* v. *Goddard,* 87 Vt 77, 82, 88 A 1; *Sayers* v. *Montpelier and Wells River R. R.* 90 Vt 201, 209, 97 A 660, Ann Cas 1918 B 1050; *Trybulski* v. *Bellows Falls Hydro-Elec. Co., supra,* 112 Vt 1, 7, 20 A2d 117; still, within the proper limits of the authority conferred upon it by the Legislature, its jurisdiction is exclusive and can be reviewed only in the manner provided by the statute. The courts have power to prevent an abuse of discretion by the commission and to require that its powers be exer-

cised according to law and in a manner not to injure property rights unjustly. Whether its orders deprive a party of a constitutional or statutory right, whether he has been accorded a fair and adequate hearing, or whether for any reason its orders are contrary to law, are all justiciable questions; and, if they arise in circumstances calling for equitable relief, the court of chancery will afford a remedy. *Sayers* v. *Montpelier and Wells River R. R. Co., supra; West Rutland* v. *Rutland Ry. Light & Power Co.,* 96 Vt 413, 422, 121 A 755.

In chapter 250 of the Public Laws the public service commission, among other things, is given general supervision of companies engaged in the sale and distribution of water for domestic purposes, P. L. 6085, and jurisdiction to hear and determine matters concerning the manner of operating and conducting any business subject to its supervision, so as to be reasonable and expedient, and to promote the safety, convenience and accommodation of the public, P. L. 6091; and it is provided that each company subject to supervision shall be required to furnish reasonably adequate service, accommodation and facilities to the public, P. L. 6094, and that the word "company" or "companies" as used therein shall mean and include individuals, owning or conducting any public service business, P. L. 6084.

It is apparent from the foregoing that the commission had power to make the order in question if all the jurisdictional facts appear by the record, either expressly or by necessary implication, or, in this case, if the commission's findings expressly or by necessary implication show that it had jurisdiction. *Town of Waterbury* v. *Central Vermont Ry. Co.,* 93 Vt 461, 464, 108 A 423; *Trustees of Newport Center* v. *Niles,* 102 Vt 121, 146 A 71.

By P. L. 6063, as amended by No. 177 of the Acts of 1919, and P. L. 6108, as affected by No. 34 of the Acts of 1941, a person aggrieved by any act or order of the public service commission may take the cause to this court upon exceptions, and in such case, by P. L. 6062, the findings of fact by the commission have the force and effect of reports of special masters in courts of equity. Not having availed himself of this method of review the respondent cannot contest the sufficiency of the evidence to support the commission's findings. *State ex rel. Nebraska State Railway Commission* v. *Missouri Pac. Ry. Co.,* 100 Neb 700, 161 NW 270,

LRA 1918E 346. In these circumstances we think that the findings referred to in our introductory statement are the determinations of mixed questions of law and fact, and are conclusive as showing that the respondent falls within the provisions of the statutes as the owner and operator of a public service business. See *Western Union Tel. Co*. v. *Burlington Traction Co.,* 90 Vt 506, 514, 99 A 4, Ann Cas 1918B 841. We are, moreover, satisfied that the findings of the Commission show sufficient facts to justify its order as made. The respondent's brief does not seriously question this, further than to insist that because he is an individual he cannot be compelled to continue his water system service. As to this claim Chapter 250 of the Public Laws is a sufficient answer.

The gist of respondent's complaint is that the order is unreasonable. In support of this he argues that being an individual he has not the power of eminent domain, and that only having a license during the life of the pipe he can neither renew the pipe in its present location or lay it in a new location without permission. These are questions that, if he did not do so, he could have raised before the Commission. See *Western Union Tel Co*. v. *Burlington Traction Co., supra,* page 519. For aught that we know his rights may not be limited to a mere license and he may not have any difficulty in procuring permission to lay his pipe where he desires by agreement with the owners of the land through which it will pass. If these conditions are beyond his control the Commission could have afforded him relief, and if it had refused he could have availed himself of the method of review heretofore referred to. The same reasoning applies to the possibility that some new pipe may need to be supplied, and to respondent's suggestion that water will not run up hill.

As we have seen, within the proper limits of the authority conferred upon it by the Legislature, the jurisdiction of the Commission is exclusive and can be reviewed only in the manner provided by the statute. Matters so within its jurisdiction cannot be reviewed in this proceeding. If we had authority to here review the foregoing matters, the report of the facts made by the commissioner would lead us to the same conclusion as the public service commission has arrived at.

The respondent objects to being ordered to forthwith comply with the order of the Commission because of the difficulty of do-

ing the work at this season of the year. He should have thought of this sooner. He has had plenty of warm weather since the order was made.

*Let a writ of mandamus issue commanding this respondent, J. A. Parker, to forthwith fully comply with the terms of the order of the Public Service Commission, dated March 24, 1942, relative to furnishing water to the properties of Roland McNeil and Ralph Post. Let the relators recover their costs.*