VERMONT ACCIDENT INSURANCE COMPANY *v.* CHARLES E. BURNS, COMMISSIONER.

October Term, 1944.

Present: MOULTON, C. J., BUTTLES, STURTEVANT and JEFFORDS, JJ. and ADAMS, Supr. J.

Opinion filed November 8, 1944.

*Lawrence C. Jones* for the plaintiff.

*Clifton G. Parker,* Deputy Attorney General, for the defendant.

BUTTLES, J.   The plaintiff, a Vermont mutual insurance corporation, by this suit in chancery prays that the defendant as Commissioner of Banking and Insurance for the State of Vermont be enjoined from granting the application of the New Hampshire-Vermont Hospitalization Service, a New Hampshire corporation hereinafter called the applicant, for permission and license to do business in this State in accordance with the provisions of Sec. 9a of No. 174 of the Acts of 1939 as enacted in No. 117 of the Acts of 1943. No. 174 of the Acts of 1939 as amended and added to by No. 117 of the Acts of 1943 is hereinafter termed the Vermont Act. The bill of complaint alleges that for reasons which hereinafter appear the defendant cannot lawfully grant such permission and license to the applicant. The complaint also prays for adjudication of certain matters which are incidental to the granting or refusal of such license, and for general relief. To the complaint the defendant demurred upon the grounds that the Court of Chancery has no jurisdiction to determine whether the rights and privileges afforded by the New Hampshire law are substantially similar to those granted by this State, as they are required by our statute to be, because the determination of that question by the defendant is by statute made final; that the plaintiff's complaint contains no allegations that establish its right to maintain this suit under P. L. Chap. 305 as amended, relative to trade marks or trade names, and no allegations which take the subject matter of this suit out of the provisions of Section 2 of the Vermont Act relative to the admission of a foreign hospital service corporation to do business in this State; that no acts or threats of acts by this defendant are alleged which in law constitute unfair competition or infringement of plaintiff's alleged trade mark rights; that the defendant in his official capacity or otherwise is without jurisdiction to adjudicate between the plaintiff and the applicant relative to the matter of trade

marks or unfair competition; that the rights and privileges afforded by the New Hampshire statute to hospital service corporations are substantially similar to those granted by this State, within the intent of the statute. The demurrer was sustained, plaintiff's bill of complaint adjudged insufficient, exception allowed the plaintiff and cause passed to this Court on such exception before final decree as provided by P. L. 2072 and Number 34 of the Acts of 1941.

The Vermont Act provides ·by Sec. 9a for the admission of a foreign corporation which "except as to state of organization is a hospital service corporation as defined by Section One", and Section One provides that "for the purposes of this Act the term 'hospital service corporation' shall be deemed to include any corporation organized under the provisions of this Act." The plaintiff contends that the applicant is not, under its articles of incorporation, a corporation that can be permitted to operate in this State under the laws of Vermont because the provision in those articles that it shall be operated "exclusively for the promotion of public welfare" is said to be in conflict with Sec. 2 of the Vermont Act which requires that such hospital service corporation shall be . . . . "maintained and operated solely for the benefit of the members and subscribers thereof."

In order to determine whether there is such conflict between these provisions we apply the rule applicable to the construction of statutes as well as of contracts that in determining the meaning of a part of an instrument the whole and every part thereof is to be considered. *Clifford* v. *W. Hartford Creamery Co.,* 103 Vt 229, 252, 153 A 205; *In re James,* 99 Vt 265, 271, 132 A 40; *Brammall* v. *LaRose,* 105 Vt 345, 349, 165 A 916; *Town of Randolph* v. *Montgomery,* 109 Vt 130, 136, 194 A 481; *McLean* v. *Windham Lt. and P. Co.,* 85 Vt 167, 178, 180, 81 A 613; *DeGoosh* v. *Baldwin and Russ,* 85 Vt 312, 319, 82 A 192; *Vt. Shade Roller Co.* v. *Burlington Tr. Co.,* 102 Vt 489, 502, 150 A 138.

It cannot be questioned that establishing, maintaining and operating a non profit hospital service plan whereby hospital care may be provided to such of the public as become subscribers to the plan is the promotion of one form of social welfare. That such is the purpose for which a hospital service corporation may be organized appears from Sec. 1 of the Vermont Act. Such purpose is also to be inferred from the designation of such a corporation as a "hospital service corporation". No other purpose and no

activity of the corporation except in connection therewith are authorized by the Vermont Act. A corporation has no other powers than those conferred upon it by the sovereignty which creates it. The enumeration of certain powers implies the exclusion of all others not fairly incidental to those enumerated. *State* v. *Clement Natl. Bank,* 84 Vt 167, 197, 78 A 944, Ann Cas 1912 D 22; *Central Transp. Co.* v. *Pullman's Palace Car Co.,* 139 US 24, 11 S Ct 478, 480, 35 L ed 55, et seq.

Do the words "exclusively for the promotion of social welfare" as used in the applicant's articles of incorporation include other forms of social welfare than that contemplated by the Vermont Act? Article 2 in which these words occur reads thus:

> "The object for which this corporation is created is to establish, maintain and operate a non-profit hospitalization service plan, whereby hospital care may be provided for subscribers by hospitals with which this corporation has a contract to furnish such care. This corporation shall be operated exclusively for the promotion of social welfare, and no part of the net earnings or surplus of the corporation shall inure to the benefit of any private member or individual. This corporation shall have all the rights, powers and duties set forth in chapter 226, Public Laws, and Chapter 80, Laws of 1939."

The statement of the purpose of the corporation in the first sentence of the above Article is in language practically identical with language contained in Section 1 of Chapter 80 of the New Hampshire Laws of 1939, and also, it may be noted, with Section 1 of the Vermont Act. When this Article is considered as a whole and in connection with the New Hampshire law the reference to the promotion of social welfare must be construed as including only the furnishing of hospital care to subscribers unless by some other provision of that law the corporation is given broader or more inclusive purposes and powers. Our attention has been called to no such provision and we find none.

The plaintiff also contends that the laws of New Hampshire do not grant to hospital service corporations organized under the laws of this state rights and privileges which are substantially similar to those which the applicant would have under the Vermont

law if permitted to do business here. Sec. 9a of the Vermont Act provides that the commissioner shall determine whether there is such substantial similarity and that his determination shall be final. Has the court of chancery jurisdiction in the present case to interfere with and supersede the commissioner's decision of this question? It is a well recognized general rule that a court of chancery, not acting as an appellate tribunal, will not interfere with the proceedings and determinations of inferior boards, or tribunals of special jurisdiction, while acting within their powers or exercising a discretion conferred upon them by the Legislature, except in special cases presenting some acknowledged and well-defined ground of equity jurisdiction, as when necessary to prevent irreparable injury or a multiplicity of suits. *Sayers* v. *Montpelier & Wells Riv. R. R.,* 90 Vt 201, 208, 97 A 660, Ann Cas 1918 B 1050; *West Rutland* v. *Rutl. Ry. Lt. & Pr. Co.,* 98 Vt 379, 381, 127 A 883; 19 Am Jur Equity Sec. 143. "Undoubtedly the courts have power to prevent an abuse of discretion by the commission and to require that their powers be exercised according to law and in a manner not to injure property rights unjustly." *Sayers* v. *Montpelier & Wells Riv. R. R., supra,* page 210 of 90 Vt; *McFeeters et al* v. *Parker,* 113 Vt 139, 144, 145, 30 A2d 300. The determination by the commissioner of the question here involved would stand no differently than the orders of the public service commission or other administrative agency.

No acknowledged and well defined ground of equity jurisdiction is here presented with respect to this question. It is true that the complaint avers that the plaintiff has no adequate remedy at law and that the granting of a permit to the applicant will cause it irreparable injury and will involve it in a multitude of suits, but the specific allegations as to the cause of such injury and the necessity for such suits relate only to the alleged infringement of the plaintiff's trade mark and trade name and unfair competition resulting therefrom.

The plaintiff alleges that the laws of Vermont and those of New Hampshire do not grant substantially similar rights and privileges to a foreign hospital service corporation inasmuch as the Vermont law exempts it from all taxation and fees other than one initial filing fee of $3.00, while the New Hampshire statute imposes an annual fee of $5.00, does not exempt it from taxation under the general law and requires an annual examination with attendant ex-

pense. It should be noted however that P. L. Sec. 7040 authorizes the Vermont commissioner, when he determines it to be prudent for the protection of policy holders in this state, to visit and examine or cause to be visited and examined any foreign insurance company applying for admission or already admitted to do business by agencies in this state, and further provides that the company shall pay the proper charges incurred in such examination, including the expenses of the commissioner and the expenses and compensation of his assistants employed therein. It is also alleged that the New Hampshire statute imposes an annual fee of $2.00 upon each agent of such foreign corporation, who must be a legal resident of that state, while the Vermont law contains no requirement as to residence of agents and does not impose a fee upon agents.

One definition of "substantial" given by Webster's New International Dictionary is "that of moment; important; essential; material". The same authority defines "similar" as "nearly corresponding; resembling in many respects; somewhat like; having a general likeness." In *Fidelity and Dept. Co.* v. *Brown,* 92 Vt 390, 394, 104 A 234, 236, this Court adopts that definition and adds "it is to be noticed that as thus defined it has not the significance of the same, identical." Obviously the determination by the commissioner of the question of substantial similarity is something more than a ministerial function and requires the exercise of judgment and discretion. Of course such discretion cannot lawfully be exercised arbitrarily (*Village of St. Johnsbury* v. *Aron,* 103 Vt 22, 28, 151 A 650) but the differences alleged by the plaintiff between the laws of the two states are not great enough to warrant our holding, as a matter of law, that a decision by the commissioner that there is substantial similarity in the rights and privileges respectively granted, would be an arbitrary decision constituting an abuse of discretion. Moreover it may well be that under the provisions of P. L. Sec. 7071 any possible inequality of taxation, fees, etc. could be neutralized.

The plaintiff's contention that the applicant's proposed plan of doing business in this State is in violation of the plaintiff's rights under its registered trade mark and trade name and constitutes unfair competition does not here avail against the defendant's demurrer. The complaint alleges that on November 14, 1938, the plaintiff duly filed and recorded with the Secretary of State of the

State of Vermont its trade mark, namely: hospitalization, medical and surgical expense policies, the essential features of the trade mark and its trade name being the Blue Cross and the words "Hospital Care Blue Cross Plan," printed in blue ink and arranged as there indicated; that such trade mark and trade name have ever since been extensively advertised and used by it on its policies, forms, letter heads, etc.; that a large number of subscribers have been obtained to its Blue Cross hospitalization policies and that the use by the applicant of such trade mark or trade name or any representation or similitude thereof would constitute a misrepresentation to the public, would deprive the plaintiff of.the benefit of the good will that it has acquired and greatly injure its reputation, and that for the defendant to issue the desired permit to the applicant would constitute an infringement of the rights of the plaintiff as above set forth and would involve it in.great expense and in a multiplicity of suits resulting from such infringement and the consequent unfair competition. It is also alleged that the applicant has stated that it intends to use the words "Blue Cross Plan" and the Blue Cross in connection with its insurance policies, forms, applications and advertisements in Vermont and that such use would constitute infringement and unfair competition.

The present suit is not brought in accordance with P. L. Sec. 7826 giving relief in chancery for trade mark or trade name infringement. The applicant corporation is not made a party to the suit and relief in equity is not sought against it. Moreover the defendant has no jurisdiction or power to determine the question involved. In general the powers and duties of officers are prescribed by the constitution or by statutes, or both, and they are measured by the terms and necessary implication of the grant and must be exercised in the manner directed and by the officer specified. If broader powers are desirable they must be conferred by the proper authority. They cannot be merely assumed by administrative officers nor can they be created by the courts in the proper exercise of their judicial functions. 43 Am Jur, Public Officers, Sec. 249; *Dept. of Ins.* v. *Church Mem. Relief Assoc.,* 217 Ind 58, 26 NE2d 51, 128 ALR 635. See *Smith and Son Inc.* v. *Town of Hartford,* 109 Vt 326, 330, 196 A 281. The defendant is the holder of an administrative office created by the. statute. His powers and duties with respect to admitting a foreign hospital service corporation to do business in Vermont are prescribed by

Number 174 of the Acts of 1939 as amended by Number 117 of the Acts of 1943. His duty is thereby confined to determining whether the applicant has fully complied with the laws of the state of its incorporation and whether the rights and privileges granted by that state are substantially similar to those granted by this state. Obviously the guilt or innocence of the applicant with respect to trade mark or trade name infringements or unfair competition have nothing to do with the matters the commissioner is to determine and the determination of which must govern his action in giving a permit and license, and it is clear that he is given no authority, directly or by implication, to determine such guilt or innocence. No error appears.

*Decree sustaining the demurrer and adjudging the bill of complaint insufficient affirmed and cause remanded.*