Thomas E. Smith *v.* Highway Board Et Als.

(91 A2d 805)

May Term, 1952.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Cushing, JJ.

Opinion Filed October 7, 1952.

344

*Bove, Billado & Dick* for the plaintiff.

*Lawrence C. Jones* for the defendant.

ADAMS, J.  This is a bill in chancery brought by the plaintiff seeking an injunction against the defendants to prevent them from terminating the employment of the plaintiff as a highway patrolman during the pendency of the proceedings and after a hearing on the merits.  A temporary injunction was issued, ex parte, by the chancellor.  The defendants demurred to the bill.  A hearing was had on the demurrer.  It was sustained and an order made dismissing the bill.  The order was stayed, the temporary injunction was continued in force until further order and the cause passed to this Court before final judgment.  The cause is here on the plaintiff's exceptions.

Many causes of demurrer are assigned, but we agree with the plaintiff that the question raised is a procedural question.  The primary matter for our consideration is one of procedure in regard to terminating the employment of an employee under the Merit System.

The sufficiency of the bill on demurrer is to be determined by the allegations of fact contained in it.  Allegations amounting to conclusions of law are not admitted by the demurrer and are to be disregarded.  No fact can be considered unless it appears on the face of the bill.  *Hillmer* v. *Grondahl,* 109 Vt 388, 390, 199 A 255, and cases cited.

The material facts alleged in the bill pertaining to the procedure in question are as follows : The plaintiff, Smith, has been an employee of the highway Department for about 31 years in the Bennington District.  The defendant, Pelsue, is District Engineer in that district and by delegation of the highway board is the appointing authority in his district and Smith's immediate superior.  The position of patrolman occupied by Smith is one under the state classification plan and he was approved for the position under the plan and his rights as regards tenure and removal became governed by the regulations.  On August 24, 1951, Pelsue informed Smith by letter that he requested that Smith retire from service and would expect that "you will be retired by November 15, 1951" in that on November 7 he would become 65 years old and eligible for retirement under the Vermont Retirement System.  Smith asked for a hearing before the highway board and his attorney was notified by the chairman that Smith would be heard on November 16 but that Pelsue was being informed that if Smith did not care to retire on November 16, Pelsue

must discharge him as of that date. Pelsue, by letter dated November 16, received by Smith on November 17, so informed him. No cause for the dismissal was given in the letter. An informal hearing was had before the highway board on November 16. Before any evidence was introduced by Smith, the board stated that the instructions to dismiss Smith on November 16 would not be changed and that the board felt that it could not grant him "a fair and impartial hearing." Smith appealed in writing to the Personnel Board.

On November 28, a hearing was had before that board. At that hearing the highway board and Pelsue filed a motion to dismiss the appeal. The board denied the motion. Pelsue delivered Smith a letter of that date giving 13 reasons for his dismissal and asked leave to file a copy with the board for the purpose of stating the causes for the dismissal. This letter was "disallowed without prejudice." The personnel board then found that, "Pelsue, appointing authority for the highway board in the Bennington district, did not submit to the appellant in writing just cause for his dismissal from the state service and that the appellant, Thomas E. Smith, has not been separated from his position of highway patrolman as of this date."

The next day, November 29, Pelsue notified Smith by letter that "you are dismissed as an employee of the State Highway Department, effective December 14, 1951 for the following reasons." Then followed 13 reasons. These were the same as set forth in the letter of November 28 which was disallowed without prejudice. The letter of November 29 was received by Smith on November 30.

The temporary injunction prohibited the defendants from terminating Smith's employment on December 14 and, by reason of the continuance of the injunction in force until further order and the passing of the cause to this Court, Smith is still employed as a highway patrolman.

Vermont has a "Merit System" or "State Classification Plan" for state employees together with an "Employees Retirement System." V. S. 47, § 513 as amended by section 1 of No. 9 of the Acts of 1949, provides:

> "CLASSIFICATION PLAN. Through the personnel board and personnel director, the governor shall adopt and establish a plan of classification and compensation for each position and type of employment in the state

government, except positions, including those in the department of public safety, for which the salary or compensation is fixed by statute, and shall prescribe therein the necessary salary schedules, fixing a minimum and maximum for each class of employees doing the same general type of work. With the approval of the governor, the personnel board shall make such regulations and adopt such methods of qualifying employees for positions as will make the plan effective, and shall prescribe rules to provide for personnel administration which shall include rules governing appointments, promotions, demotions, transfers, separations, vacations, sick leave and hours of employment. The plan adopted for personnel administration shall be based on merit system principles and standards."

Rules and regulations promulgated by authority of that section and within its scope must be given the force of law and we take judicial notice of them. *State* v. *Gladstone,* 112 Vt 233, 236, 22 A2d 490; *Timmins* v. *Civil Service Commissioners,* 276 Mass 142, 177 NE 1, 75 ALR 1232; 67 CJS Officers, § 107, page 381, note 34; 20 Am Jur Evidence, § 44. The regulations here material are:

"13.1. *Tenure of Employment:* An employee will not be subject to removal except for cause."

"13.5. *Dismissal:* The appointing authority, two weeks after written notice stating specific reasons therefor, may dismiss an employee for cause."

"16. *Appeals:* A person shall have the right of appeal to the Board from such actions as examination rejection or rating, removal of name from register, service rating, transfer, demotion, suspension, separation, or other cause. Such appeal shall be made to the Director in writing, stating the reason for such appeal, not later than thirty days after the effective date of the stated reason. The Director, on receipt of the appeal, shall arrange for a hearing before the board. A copy of the appeal shall be furnished to the Personnel Officer of the agency reasonably in advance of the hearing. Both parties shall have the right to present witnesses and give evidence before the board."

The broad question here is: What is the procedure that is available to an employee under the merit system who desires to question and contest an attempt to terminate his service for an alleged cause?

The purpose and effect of the merit system is to take from the appointing officer the right of arbitrary removal, either directly or indirectly, of an appointee which he otherwise would have. *Donaldson* v. *Sisk,* 57 Ariz 318, 113 P2d 860; *Burge* v. *Oklahoma Employment Security Commission,* 200 Okla 429, 195 P2d 285. The entire purpose of the civil service law is to create a merit system for the determination of the fitness and efficiency of those within the classified service and to prevent discharge therefrom without just grounds. *King* v. *Cole,* Ohio App 62 NE2d 650. In the merit system it is intended that no one should be removed except in pursuance of a fair and impartial system of separation from service. Such a system must, necessarily, include (a) specific reasons for removal, and (b) a reasonable hearing before some designated and proper authority as to whether the party whose removal is sought falls within the reasons for removal set forth in the regulations established by the board. *Welch* v. *State Board,* 53 Ariz 167, 87 P2d 109. The regulations here provide for written notice of dismissal given two weeks before the effective date, stating specific reasons therefor, with the right of appeal to the personnel board before which a hearing shall be held with the right to present witnesses and give evidence.

In dealing with its own employees, the state has broad powers. The employment here being for an indefinite term, Smith, apart from the regulations, might have been discharged at any time. Except for the regulations he had no vested right to continuance in his employment. In adopting the merit system, the state voluntarily established conditions, among other things, governing the suspension or termination from employment of its employees for the purpose of protecting them against unjustified suspension or dismissal. The provision for an appeal is an integral part of the system establishing the conditions upon which an employee may be suspended or dismissed. The question is not the same had the appeal been intended to afford protection of rights vested in the party by other statutes or the common law. The merit system statute and lawful regulations thereunder in effect write into the contract of each employe the conditions which they embody. *Turrill* v. *Erskine,* 134 Conn 16, 54 A2d 494; *Jones* v. *Board of School Directors,* 55

NM 195, 230 P2d 231; 17 CJS p. 782. The law and regulations created new rights and they provide the remedy for the protection of such rights. *Wallace* v. *Neal,* 191 Tenn 240, 232 SW2d 49. We recently said in a case involving the right of removal of an official by the governor under another statute which provided for removal for cause after notice and hearing, that the right to a hearing was what might be termed a gratuity on the part of the legislature. *Emerson* v. *Hughes,* 117 Vt 270, 90 A2d 910.

As a general rule, the courts will not interfere with a board or commission or review its acts until all remedies before such board or commission have been invoked or exhausted. 67 CJS Officers, p. 388. Where an administrative remedy is provided by statute, relief ordinarily must not only be sought initially from the appropriate administrative agency but such remedy usually must be exhausted before the litigant may resort to the courts. The rule which requires the exhaustion of administrative remedies is a long settled rule of judicial administration and applies where equitable relief is sought as well as relief at law. The rule is a wholesome one and an aid to the proper administration of justice. 73 CJS, Public Administrative Bodies and Procedure, § 41, notes 35, 41, 46 and 47. Where an administrative agency has primary jurisdiction of the question in issue, the courts ordinarily will not grant injunctive relief prior to a decision by the agency. 73 CJS, Public Administrative Bodies and Procedure, § 45, p. 361. The doctrine of exhaustion of administrative remedies requires that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the court will act. 42 Am Jur, Public Administrative Law § 197, p. 580.

This rule has been applied in many cases, among them are: *Johnson* v. *Nelson,* 86 US App DC 98, 180 F2d 386, Cert. denied, 339 US 957, 70 S Ct 980, 94 L Ed 1368 (civil service commission) ; *Aircraft & Diesel Corp.* v. *Hirsch,* 331 US 752, 67 S Ct 1493, 91 L Ed 1796 (tax court) ; *Abelleira* v. *District Court,* 17 Cal2d 180, 109 P2d 942, 132 ALR 715 (employment commission) ; *McNamara* v. *City of New Britain,* 137 Conn 616, 79 A2d 819 (state civil service commission) ; *Wallace* v. *Neal, supra* (state civil service commission) ; *Crawford* v. *City of Clairton,* 334 Pa 120, 5 A2d 363 (city civil service commission) ; *Hegeman Farms Corp.* v. *Baldwin,* 293 US 163, 55 S Ct 7, 79 L Ed 259 (milk control board) ; *United States* v. *Sing Tuck,* 194 US 161, 24 S Ct 621, 48 L Ed 917 (Secre-

tary of Labor) ; *Oklahoma Public Welfare Commission* v. *State ex rel. Thompson,* 187 Okl 654, 105 P2d 547, 130 ALR 873 (public welfare commission) ; *Myers* v. *Bethlehem Shipbuilding Corp.,* 303 US 41, 58 S Ct 459, 82 L Ed 638 (national labor relations board) ; *Macauley* v. *Waterman Steamship Corp.,* 327 US 540, 66 S Ct 712, 90 L Ed 839 (maritime commission) ; *City of Little Rock* v. *Hunter,* 216 Ark 916, 228 SW2d 58 (zoning commission) ; *State ex rel. Evansville City Coach Lines* v. *Rawlings,* 229 Ind 552, 99 NE2d 597 (public service commission) ; *Jones* v. *Board of School Directors,* 55 NM 195, 230 P2d 231; *Dixie Downs* v. *Arkansas Racing Commission,* 219 Ark 356, 242 SW2d 132.

The general rule was recognized by this Court in the case of *Sayers* v. *Montpelier & Wells River Railroad,* 90 Vt 201, 97 A 660. There the Court, speaking through Mr. Justice Taylor, after reviewing and citing many decisions, said at page 209 : "Argument is unnecessary to support the conclusion that primary interference of the courts with the administrative functions of a commission, like our Public Service Commission, is incompatible with the proper exercise of governmental powers." And again at page 213, "He (plaintiff) has failed to show that he applied to and has been denied relief by the commission * * * From what has been said, it will be seen that plaintiff has mistaken his remedy, * * * Having failed to show that his legal remedy has been exhausted, or has proved inadequate, plaintiff is without standing in a court of chancery." See also *Nadeau* v. *St. Albans Aerie,* 112 Vt 397, 401, 26 A2d 93; *McFeeters* v. *Parker,* 113 Vt 139, 146, 30 A2d 300. It was again recognized in the case of *Holbrook Grocery Co.* v. *Commissioner of Taxes,* 115 Vt 275, 282, 57 A2d 118, wherein we held that recourse must be had to an application to the commissioner of taxes and action or decision thereon before resort could be had to the courts.

It would not be within the purpose and spirit of the merit system act and regulations to say that an employee could take advantage of them as to fitness for employment, classification, rating, pay and its other beneficial provisions and then, when disciplined, demoted, suspended, transferred, separated from the service or for any cause for which he has the right of appeal under regulation 16, to say that he could take himself out of the provisions of the act and regulations and submit the controversy and facts to another tribunal for hearing and determination instead of to the one provided. We

paraphrase the language of the court in *Wallace* v. *Neal, supra.* It is the duty of the court to construe the act and regulations so that they will serve the purpose for which enacted and adopted rather than one which would have the contrary result. Considering the number of employees who claim the benefit of the system, it seems that if they are given the right to bring a bill in chancery complaining of every disciplinary act of some department or employing agency and thus circumvent the procedure set forth in the act and regulations, it would render them unworkable and unenforceable.

The plaintiff seeks to avoid the operation of the rule, however, by the contention that he would suffer irreparable injury if he took an appeal to the personnel board and a hearing was had and the appeal sustained. He says that the termination of his employment being effective on December 14th, he would lose his wages, compensation for use of his truck and creditable service credits towards his retirement during the interim. He says that if he had taken an appeal and it was sustained his dismissal would have been effective while the appeal was pending and before a hearing could have been had on it. It is unnecessary for us to express any opinion as to his status in this connection. It is significant, however, in the appeal that he took on the first dismissal notice, that the personnel board, when it sustained it, held that he had not been separated from the service as of the date the appeal was sustained.

In support of this argument he asks us to take judicial notice that there is a dispute between a state department, the personnel board and a state official as to the standing and pay of another person who was held by the personnel board on an appeal to have been dismissed without cause. He not only asks us to take judicial notice that there is the dispute but of the claims and contentions of the respective parties. We cannot do this. The matter has not been judicially determined as to who is right and who is wrong in the positions taken. No claim, statement or position made or taken by any board, department or officer in such a manner is binding upon this court. No claim is made that it has been determined in any manner that the claim, statement or position is by authority of law. Even if we took judicial notice of the matter it would not affect the result here.

The plaintiff relies upon the case of *Vermont Accident Insurance Co.* v. *Burns,* 114 Vt 143, 40 A2d 707. In that case we recognized the general rule we have heretofore discussed where we stated at page 147, "It is a well recognized general rule that a court of chan-

cery, not acting as an appellate tribunal, will not interfere with the proceedings and determinations of inferior boards, or tribunals of special jurisdiction, while acting within their powers or exercising a discretion conferred upon them by the Legislature, except in special cases presenting some acknowledged and well-defined ground of equity jurisdiction." He says that the irreparable injury phase of his case presents some "acknowledged and well-defined ground" of equitable relief. In that case, although the plaintiff alleged "no adequate remedy at law and irreparable injury," we held that it did not bring itself by the allegations within some "acknowledged and well-defined ground of equitable relief."

The plaintiff also relies upon the cases of *Averill* v. *Vermont Valley R. R. Co.,* 88 Vt 293, 92 A 220, and *West Rutland* v. *Rutland Ry. L. & P. Co.,* 98 Vt 379, 127 A 883. It is sufficient to say here that both are distinguishable from the instant case. They both recognize the general rule as regards the limitations of equity jurisdiction in cases of this nature. The fallacy of the argument in the instant case is that it is and has to be based upon an erroneous assumption that the remedy under the merit system procedure is not exclusive and that the primary jurisdiction of the court of chancery can be invoked. *Wallace* v. *Neal, supra.*

The plaintiff here seeks primary interference by the court with the administrative functions of the personnel board that is charged with the administration of the act. He seeks to oust that board entirely of its jurisdiction. In his bill, he controverts and denies the grounds for the termination of his employment set forth in the letter of November 29, states that he has always performed his work in a satisfactory manner and sets forth other facts why his services should not be terminated. He then asks the court, as has already been stated herein, not only for an injunction during the pendency of the proceedings but in addition thereto "after a hearing on the merits" for a permanent injunction restraining the defendants from terminating the plaintiff's employment on December 14 or at any time prior thereto or from instituting any further proceedings to terminate it for any reason or cause that may have occurred prior to November 16. He thus attempts to invoke the primary jurisdiction of the court as an arbiter and trier of the facts and merits of the whole controversy. The merit system act and regulations do not warrant such a construction.

The plaintiff could have taken his appeal and then, pending

that proceeding before the board, he could have asked the board to preserve the standing of the plaintiff in *status quo,* if he deemed that advisable, or he could have applied to the court of chancery for injunctive relief to assist the board in preserving the *status quo* until the question before it had been determined. 73 CJS, Public Administrative Bodies and Procedure, § 45, p. 362, note 57; 43 CJS, Injunctions, § 13. He did not need primary equity jurisdiction to afford him a full, adequate and complete remedy for the preservation of his standing and rights set forth in the bill of complaint. There is not a sufficient showing of the inadequacy of the prescribed procedure by appeal to the personnel board and impending harm to the plaintiff to override the obvious intention to make such appeal the exclusive method.

The plaintiff seeks to justify the resort to equity on other grounds. He says that he will be deprived of due process because he would be removed without a hearing, as the only hearing provided for is one on the appeal from the dismissal notice to the personnel board; that, because of the letters of November 16 and 29 being for the same causes, he cannot be dismissed for causes occurring prior to November 16 as those matters are res judicata; that he cannot be removed for a cause that is claimed to have occurred prior to the time he became a member of the merit system and that regulation 16 is unconstitutional.

These are all questions of law and it is not necessary to pass upon them at this time. The removal can be for cause only and there must be a written notice of two weeks stating specific reasons. The employee has the right of appeal to the personnel board. That board acts in a quasi-judicial capacity. *Davidson* v. *Whitehill,* 87 Vt 499, 506, 89 A 1081; *Rutter* v. *Burke,* 89 Vt 14, 28, 93 A 842; *Emerson* v. *Hughes, supra.* The plaintiff by taking the appeal provided for to the personnel board and by appropriate action and procedure can have these legal questions passed upon by this Court at the proper time.

There was no necessity for the plaintiff to go into equity for a determination of these questions in advance as he had a complete and adequate remedy at law if he desired to puruse it. *Davidson* v. *Whitehill, supra; Rutter* v. *Burke, supra; Emerson* v. *Hughes, supra;* 42 Am Jur, Public Administrative Law, § 229, p. 666, note 18 and § 230, p. 667, note 11; 73 CJS, § 168, p. 510.

We hold that, under the merit system, an appeal to the person-

nel board is the exclusive method of procedure and that the court of chancery did not have primary jurisdiction of the matter. The demurrer was properly sustained.

The chancellor, by his separate order made at the time he granted the temporary injunction, stayed and suspended the running of the time for taking an appeal under regulation 16. The stay was from the termination of the employment notice to the plaintiff dated November 29 and effective December 14, "until a final determination of the matters in this proceeding by a court of competent and final jurisdiction." When the cause was passed to this court, the stay was continued in force until further order. Both parties have mentioned in their briefs the right of the plaintiff to take an appeal to the personnel board, in view of this order and stay, in case this Court should hold that the chancellor properly sustained the demurrer of the defendants. We have so held. We see no reason why we should pass upon the right to take an appeal. The question may never arise. The plaintiff, by reason of the injunction, is still employed as a patrolman. When it is dissolved, for aught that appears, if he appeals, the personnel board may entertain the appeal or the employing authority may give him a new notice of removal.

*Order sustaining the demurrer of the defendants sustained. Injunction dissolved and plaintiff's bill of complaint dismissed. Let the defendants recover their costs.*