Hillsborough, } No. 4182.
Jan. 6, 1953. }

MAURICE F. ROYER

*v.*

NEWELL BROWN, *Director*

*Thomas E. O'Neill,* Judge Advocate N. H. Dept., V. F. W. and *John H. Sanders,* Judge Advocate N. H. Dept., Am. Legion (*Mr. Sanders* orally), as amici curiae.

*Thomas E. O'Neill* also for the plaintiff.

*F. Maurice LaForce, Winslow H. Osborne* and *James M. Riley, Jr.* (*Mr. Riley* orally), for the petitionee.

LAMPRON, J. We are of the opinion that Royer is not disqualified from receiving unemployment compensation benefits under R. L., *c.* 218, because he filed for compensation under Title IV of the Veterans' Readjustment Assistance Act of 1952 (Laws 82nd Congress, 2nd Sess., *c.* 875, Public Law 550) as the latter is not "a similar law of the federal government" within the provisions of R. L., *c.* 218, *s.* 4-F, as amended. That section reads substantially as follows: "4. DISQUALIFICATIONS FOR BENEFITS. An individual shall be disqualified for benefits . . . F. For any week or part of a week with respect to which he is seeking to receive or has received payments in the form of unemployment compensation under an unemployment compensation law of any other state or under a similar law of the federal government."

"Similar" is defined thus in Webster's New International Dictionary (2d *ed*): "nearly corresponding; resembling in many respects; somewhat like; having a general likeness." See *Vermont Accident Ins. Co.* v. *Burns,* 114 Vt. 143, 148. It connotes homogeneity. *Piaget-Del Corporation* v. *Kulik,* 133 N. J. L. 485.

Revised Laws, chapter 218, was enacted because, among other reasons, "the public good and the general welfare of the workers of this state require the enactment of this measure for the setting aside of unemployment reserves to be used for the benefit of unemployed persons, and for providing a systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment." Laws 1935, c. 99. In the present federal act "the home, farm, and business-loan benefits, the unemployment compensation benefits, the mustering out payments, and the employment assistance provided for . . . are for the purpose of assisting in the readjustment of such persons from military to civilian life." Veterans' Readjustment Assistance Act, *supra*, s. 102.

Our state law applies to any employing unit which in each of twenty different weeks has or had in employment four or more individuals. *S.* 1 H (1). It pays benefits generally to any such unemployed individual who is able to work, and is available for work, who has followed the requisite procedure and is not disqualified for certain specified reasons (*ss.* 3, 4, 5). The funds for these benefits are derived from contributions made by employers subject to the law (*s.* 6). Payments are made to claimants on an annual earnings or wage credit basis (*s.* 2). The federal act applies only to veterans and to those veterans only who have served in the armed forces after June 27, 1950 (*ss.* 102, 201). All claimants are given a flat benefit rate of $26 per week without regard to any wage credit concept (*s.* 401 (b)). There are no employer contributions. If a veteran receives an education and training allowance under the federal act he is ineligible for benefits (*s.* 408 (a) (2)). It is also correlated to mustering out payments (*s.* 401 (b)). If a veteran is eligible to receive unemployment compensation under his state law this act merely supplements that payment to bring it up to $26 per week (*s.* 408 (a) (1)). "Under no circumstances shall any veteran receive compensation under this title . . . in a total amount in excess of $676." *S.* 408 (d).

It seems to us that the above juxtaposition of the salient provisions of both acts demonstrates clearly that the Veterans Readjustment Assistance Act of 1952 is not an unemployment compensation law and consequently payments received thereunder are not received under "a similar law of the federal government" within the meaning of R. L., c. 218, s. 4 F. It is true that payments are made to veterans under Title IV of that act because they are unemployed. However said title and the payments made under it are

an integral part of a law which has for its chief purpose to provide "vocational readjustment and restoring lost educational opportunities" to certain veterans and to assist "in the readjustment of such persons from military to civilian life." S. 102. Revised Laws, chapter 218, on the other hand, has for its sole aim the establishment of a permanent method of "systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment" to all persons in a broad type of employment (Laws, 1935, c. 99) and payments are made thereunder for that sole purpose.

It might not be amiss to point out the incongruous results which the interpretation sought by the petitionee would bring about. A veteran who has never worked and therefore is not entitled to any benefits under R. L., c. 218, would be eligible to receive $26 per week under the federal act. If one who is entitled to $19 per week under our law, as is the petitioner, should apply for supplemental benefits under the federal act to bring his compensation to $26 per week, he would forfeit his $19 state compensation and he could receive only $7 under the Veterans' Readjustment Assistance Act (the difference between $26 and what he is eligible for under the state act).

Each question submitted to us is answered in the negative.

*Case discharged.*

All concurred.