# Jeanne Morean-Usher, Kirk Usher, Henry Millett, Carol Millett, Bob Kelley, Marcia Kelley, Howard Powell, Gladys Powell v. Town of Whitingham

[610 A.2d 1108]

No. 90-545

Present: **Allen, C.J., Dooley, Morse and Johnson, JJ.**

Opinion Filed May 1, 1992

*Holly Ernst Groschner* of *Downs Rachlin & Martin*, St. Johnsbury, for Plaintiffs-Appellees.

*Richard M. Gale* and *Robert M. Fisher*, Law Clerk (On the Brief), of *Gale, Gale & Corum*, Brattleboro, for Defendant-Appellant.

*Jeffrey L. Amestoy*, Attorney General, *Ron Shems*, Assistant Attorney General, and *Stephanie Delaney*, Law Clerk (On the Brief), Montpelier, for amicus curiae State of Vermont.

*Deborah L. Markowitz*, Montpelier, for amicus curiae Vermont League of Cities and Towns.

**Allen, C.J.** The Town of Whitingham appeals a superior court order permanently enjoining the Town from spreading sludge on property adjoining plaintiffs' land in the town. We conclude that the court lacked jurisdiction and vacate its order.

The Town's sewage treatment plants create sludge which must be periodically removed to maintain the plants' continued operation. In 1989, the Town applied to the Vermont Agency of Natural Resources for an interim certification pursuant to 10 V.S.A. § 6605(b) seeking approval to spread sludge on a pasture next to the plaintiffs' property.

On September 24, 1990, plaintiffs filed a complaint in superior court against the Agency and the Town seeking to prevent the Agency from issuing the interim certification and to prevent the Town from implementing the certification. They contended that copper contamination of groundwater posed health risks to neighboring residents. The Agency issued an interim certification to the Town on October 1, 1990, which extended to September 7, 1992. The court dismissed the Agency as a party, because

the certification had already been issued. The Town then moved to dismiss for lack of subject matter jurisdiction. The superior court found that it had jurisdiction over the matter and granted a permanent injunction .enjoining the Town from dumping sludge on the proposed site until the court was satisfied that public health and welfare were properly addressed.

On appeal, the Town argues that the superior court erred in taking jurisdiction to review the issuance of the interim certification by the Agency because exclusive jurisdiction of appeals from Agency certifications resides in the "Waste Facility Panel" provided for in 10 V.S.A. § 6101 et seq. Plaintiffs claim that this appeal is moot because the certification has expired, and we first address this contention.

■ Plaintiffs' mootness argument rests on language in the interim certification which states that the site chosen for sludge application is authorized only during the first year of the certification. For a case to avoid dismissal for mootness, an "actual controversy" must be in existence "at all stages of review, not merely at the time the plaintiff originally filed the complaint." *Doria v. University of Vermont*, 156 Vt. 114, 117, 589 A.2d 317, 319 (1991). Plaintiffs argue that after October 1, 1991, the date upon which the authorization to spread sludge expired, there was no longer an actual controversy because the sludge could no longer be spread on the proposed site. Plaintiffs further contend that the Town may not qualify for a new permit. We disagree.

■ The Agency did not revoke the certification after the Town missed the sludge application deadline on October 1, 1991, and the certification remains in effect until September 7, 1992. One section of the certification allows for modification during its term for cause with written approval from the Secretary of the Agency. The certification could be modified at any time before September 7, 1992, to permit newly created sludge from the Town's sewage treatment plants to be spread on the contested site. This case, therefore, is not moot.

■ The Town argues that the superior court was without jurisdiction to review the Agency's decision to issue the interim certification. The Vermont Legislature granted the Waste Facility Panel "exclusive jurisdiction to review decisions and hear and determine appeals" from Agency decisions concerning

solid waste management facilities. 10 V.S.A. § 6101(b). The statute provides no exceptions to this grant of exclusive jurisdiction. The Legislature often creates administrative bodies to resolve problems in a particular field of expertise. See, e.g., *In re Town of Sherburne*, 154 Vt. 596, 603, 581 A.2d 274, 278 (1990) (Legislature appointed Water Resources Board as administrative body with expertise to classify state waters). Within the limits of the authority conferred upon the administrative entity by the Legislature, its jurisdiction is exclusive and can be reviewed only in the manner provided by the enabling statute. *McFeeters v. Parker*, 113 Vt. 139, 144, 30 A.2d 300, 304 (1943); see also *Town of Charlotte v. Richmond*, 158 Vt. 354, 609 A.2d 638 (1992) (exclusive statutory remedy for persons aggrieved by zoning decision is appeal to zoning board of adjustment). Plaintiffs sought relief in the wrong forum, and therefore, the superior court order must be vacated.

■ ■ Further, plaintiffs were required to exhaust administrative remedies before seeking injunctive relief from the courts. "As a general rule, the courts will not interfere with a board or commission or review its acts until all remedies before such board or commission have been invoked or exhausted." *Smith v. Highway Board*, 117 Vt. 343, 349, 91 A.2d 805, 809 (1952). Title 10 V.S.A. § 6104(c) allows the Waste Facility Panel to grant stays when it finds that such remedy is necessary. The superior court erroneously concluded that the discretionary nature of the stay did not provide an adequate remedy at law. We disagree with this conclusion. A stay issued by the Waste Facility Panel and an injunction issued by the courts are essentially the same remedy. Both are discretionary, and, if granted, a stay would have provided the same relief sought in superior court. As plaintiffs failed to pursue that remedy, the superior court erred in taking equitable jurisdiction over the matter. We conclude that the plaintiffs were required to appeal the interim certification to the Waste Facility Panel and to have sought a stay from that body.*

---

\* That the plaintiffs now denominate their action as sounding in nuisance does not help their case. Both the exclusive jurisdiction of the Waste Facility Panel and the administrative process would be rendered meaningless if we

We agree with plaintiffs' contention that the certification must be remanded to the Agency for modification. The certification expressly states that "[a] change in the operator's sludge use or disposal practice is a cause for modification." Because the Town has already disposed of the sludge which was the basis for approval, the disposal of newly created sludge involves a change in disposal practice. Modification is also necessary because litigation prevented the Town from adhering to the certification's strict compliance schedule. Long term treatment and storage is not authorized unless the conditions of the compliance schedule are met. Thus, the Agency must make new findings and provide new certification requirements to account for the different composition of any new sludge that might be applied to the proposed site.

*Injunction issued 11/15/90 dissolved and certification remanded to Vermont Agency of Natural Resources.*

---

allowed the plaintiffs to pursue a nuisance claim in superior court before exhausting their administrative remedies.