### JONES, Appellant, v. GAREK et, Appellees.

Ohio Appeals, Second District, Franklin County.

No. 5353.   Decided March 6, 1956.

David E. Morgan, Columbus, for appellant.

Chalmers P. Wylie, City Atty., Russell Leach, Senior Asst. City Atty., Columbus, for appellees.

(DEEDS, J, of the Sixth District, sitting by designation in the Second District.)

### OPINION

By DEEDS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas affirming the decision of the Municipal Civil Service Commission, which affirmed the removal of appellant as an employe of the Division of Fire of the City of Columbus.

Sec. 143.27 R. C., provides the causes for which an employe in the classified service may be removed and prescribes the procedure to be followed in order to secure the removal of an employe as follows:

"The tenure of every officer or employee in the classified service of the state and the counties, cities, and city school districts thereof,

holding a position under §143.01 to §143.48, inclusive, **R. C.**, shall be during good behaviour and efficient service; but any such officer or employee may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the commission, or any other failure of good behaviour, or any other acts of misfeasance, malfeasance, or nonfeasance in office.

"In all cases of removal, the appointing authority shall furnish such employee with a copy of the order of removal and his reasons for the same, and give such officer or employee a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee shall be filed with the commission. Any such employee so removed may appeal from the order of such appointing authority to the state civil service commission or the municipal civil service commission, as the case may be, within ten days after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission's decision is final. In the case of the removal of a chief of police or a chief of the fire department or any member of the police or fire department of a city an appeal may be had from the decision of the municipal civil service commission to the court of common pleas of the county in which such city is situated to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the finding of the commission."

The amended order of removal made by the Director, Department of Public Safety, which was received by appellant, contained the following:

"Dear Mr. Jones:

### "AMENDED ORDER OF REMOVAL

"Following your suspension by the Chief of the Division of Fire, Department of Public Safety, on December 14, 1952, I duly conducted an inquiry upon the receipt of said suspension order.

"That inquiry, made December 23, 1952, showed that you were in violation of the general rules and regulations of the Division of Fire, to wit:

"(1) In that Firefighter John L. Jones on November 24, 1952, did wilfully violate a house rule of No. 8 Fire Station by making a purchase and charging the same to No. 8 Fire Station personnel without seeking or securing permission of any officer at No. 8 Fire Station.

"(2) In that Firefighter John L. Jones on December 8, 1952, did show disrespect for a superior officer of the division of Fire, by his manner. his tone of voice, and the use of abusive language at No. 8 Fire Station, in violation of Rule 2, Par. 16 (For using indecedent, profane. or harsh langauge while on duty or in uniform) and Par. 17 (For any disrespect shown to any superior officer in the division).

"(3) In that Firefighter John L. Jones, did on November 7, 1952, demonstrate a belligerant and disrespectful manner to his superior officer, when requested to check his fire coat for a missing flashlight at

No. 8 Fire Station, in violation of Rule 12 (Obedience must be prompt, implicit, unqualified, and unequivocal).

"(4) That said Firefighter John L. Jones, did on November 23, 1952, show disrespect to his superior officer in failing to comply with a suggestion in accordance with rules and regulations of the Division of Fire by not stating the reason for a request for time off duty upon making application due to the death of his brother, in violation of Rule 2, Par. 17.

"(5) All the above tending to show on the part of Firefighter John L. Jones an utter disregard of authority.

"(6) All the above tending to show that Firefighter John L. Jones' conduct was subversive to the good order and discipline of the Division of Fire in violation of Rule 2, Par. 20 (For conduct subversive of the good order and discipline of the division).

"(7) And further, upon his suspension by Deputy Chief S. H. Zaayer, acting upon the orders of Chief Walter G. Strickfaden, said John L. Jones did wilfully violate Rule 2, Par. 10 of the rules and regulations of the Division of Fire (For wilful disobedience of any order issued to him by any superior officer in the division) by wilfully disobeying the order of Deputy Chief Zaayer to leave his badge with his superior officer in charge of No. 8 Fire Station before he left quarters, and further violation of rules rendering him Guilty of Insubordination.

"Accordingly, you are hereby notified that pursuant to §486-17§ GC, and for the above reasons, I hereby order your removal and dismissal from the Division of Fire, Department of Public Safety, effective at the close of business December 13, 1952, which was your date of suspension from duty.

"You are hereby requested to make and file in my office, Room 222, City Hall, a written explanation of the above charges within ten (10) days of receipt of this order, at which time such removal order and explanation will be filed with the Civil Service Commission of the City of Columbus pursuant to law.

"You have the right to appeal this order to the Civil Service Commission pursuant to §486-17a GC.

Yours Truly
Donald C. Cook, Director
Department of Public Safety

DDC:EC:acp
cc Fire
 Civil Service
 Auditor
 Mr. Cox
 minutes

THIS IS TO ACKNOWLEDGE RECEIPT OF THE ABOVE ORDER THIS _____ DAY OF FEBRUARY, 1953.

John L. Jones
1377 Atcheson Street"

The explanation and answer of the appellant, John L. Jones, to the amended order of removal, is as follows:

"Donald D. Cook, Director,

"Department of Public Safety

"Room 222, City Hall

"Columbus, Ohio

## "EXPLANATION AND ANSWER OF JOHN L. JONES·

"Dear Sir:

"Receipt is acknowledged of a paper writing dated February 24, 1953, addressed to John L. Jones, 1377 Atcheson Street, Columbus, Ohio, and signed by Donald D. Cook, Director, Department of Public Safety. Said paper writing is styled 'Amended Order of Removal.'

"In view of the explanation heretofore filed with you on or about January 12, 1953, and which Explanation is incorporated herein by reference, it is unnecessary to set forth herein the history of this matter.

"Since it is recognized by you that the original order of removal, dated December 14, 1952, was insufficient, it is respectfully submitted that such order being a nullity, it is therefore void and of no effect and not susceptible of amendment.

"In connection with this statement your attention is invited to the case of King v. Cole, decided by the Court of Appeals for Franklin County, Ohio, on May 17, 1945, and reported in 44 Abs 60. Herein the court at page 64, makes the following statement:

" 'In the case of City of Toledo v. Osborn, 23 Oh Ap 62, the plaintiff had been removed but no reason had been assigned for the discharge. The Court pointed out that it was the legal right of a Civil Service employee to hold office during good behaviour and efficient service. The Court in holding the discharge void, said at page 65:

" ' "In the instant case it is apparent that the removal of the plaintiff from his position was void, as the notice of removal, containing as it did no reasons whatever therefor, was not in compliance with the provisions of the section referred to. The pretended hearing on the part of the civil service commission was also illegal for two reasons: In the first place there was no valid order from which an appeal could be taken within the ten-day limitation provided by statute. All proceedings, therefore, taken by the appointing officer and the civil service commission toward the ousting of the plaintiff from his position were an absolute nullity. State, ex rel. Brittain v. Board of Agriculture, 95 Oh St 276, 116 N. E. 459; State, ex rel. Bay v. Witter, 110 Oh St 216, 221, 143 N. E. 556." '

"In view of the above, it is therefore requested that both the purported original order of removal dated December 14, 1952, and the purported amendment thereof dated February 24, 1953, be dismissed and held for naught.

Very truly yours,
John L. Jones."

We find and determine from a careful examination of the more than four hundred pages of testimony and numerous exhibits received in evidence in the hearing on appeal before the members of the municipal Civil Service Commission, contained in the record now before this Court for review, that the cause for removal was sufficient; that appellant was accorded a fair and impartial hearing free from prejudicial error and this Court therefore approves the written opinion of Judge Reynolds and affirms the judgment of the Court of Common Pleas.

Judgment affirmed and cause remanded.

MILLER, PJ, HORNBECK, J, concur.