GEORGE E. HATHAWAY ET UX *v.* A. CHARLES FERNANDEZ ET UX.

(89 A2d 117)

February Term, 1952.

Present : SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed May 6, 1952.

*John Molla* for the plaintiff.

*Robert H. Ryan* and *Charles J. Adams* for the defendants.

CLEARY, J.   This is a bill in equity praying for specific performance of an option to purchase real estate contained in a lease to the plaintiffs by the defendant A. Charles Fernandez.   After hearing findings of fact were filed and a decree made dismissing the bill. The case is here on the plaintiffs' exceptions to the chancellor's failure to find as requested and to the decree.

■■ To make an exception available it must reasonably indicate the fault, and not leave the court in ignorance of the precise ground on which it is predicated.   *Morgan* v. *Gould,* 96 Vt 275, 279, 119 A 517; *Eastern States, Etc., League* v. *Estate of Vail,* 97 Vt 495, 514, 124 A 568, 38 ALR 845.   In the present case the exceptions to the failure to find as requested merely repeat the requests made.   No ground is stated for the exceptions to the refusal to find nor any reason given why the findings should have been made.   Consequently the exceptions are too general to be available.   *Little* v. *Loud,* 112 Vt 299, 302, 23 A2d 628; *White* v. *Hight,* 112 Vt 420, 421, 422, 26 A2d 86; *Butler* v. *Milton Cooperative Dairy Corp.,* 112 Vt 517, 519, 28 A2d 395; *In re Greenough,* 116 Vt 277, 284, 75 A2d 569.

■ The only question raised by an exception to a decree is whether the decree is warranted by the pleadings and supported by the findings.   *Latchis* v. *John,* 117 Vt 110, 85 A2d 575; *State* v. *Parmelee,* 115 Vt 429, 432, 63 A2d 203; *Olcott* v. *Southworth,* 115 Vt 421, 422, 423, 63 A2d 189.

The bill of complaint as amended sets forth the agreement on which the bill is brought.   The agreement provides that in the event

of any breach of conditions the option to purchase shall be of no effect and payments made shall be applied on rent of the premises. The amended complaint alleges that the defendants have brought a suit in ejectment against the plaintiffs; that the defendants in settlement of all disputes between the parties have offered to accept $400 in addition to all money due on the contract; that the plaintiffs accepted the offer to settle all disputes but the defendants now refuse to comply with said offer; that the plaintiffs stand ready and willing to comply with the offer of settlement. The amended bill then prays the court to determine the amount due and that the defendants be ordered to deed the property to the plaintiffs.

The answer alleges that the property was conveyed to both defendants. It pleads that no action can be maintained because the alleged contract has to do with the sale of lands and is not signed by the parties to be charged or by any person by them lawfully authorized. It alleges that the plaintiffs have violated the obligations of the agreement in not using and managing the premises in a good and husbandlike manner. The answer denies all allegations in the complaint regarding the offer of settlement. The plaintiffs then filed a replication alleging waiver and estoppel by the defendants.

The chancellor found as facts: that the real estate in question was conveyed to the defendant A. Charles Fernandez and Mary C. Fernandez, wife of defendant Charles; that the lease agreement with option to purchase was signed by the plaintiffs and defendant A. Charles Fernandez for the term January 1, 1945, to December 31, 1948; that by this agreement the plaintiffs agreed to use and manage the premises in a good and husbandlike manner and had an option to purchase during the life of the lease, but in the event of a breach of any of the conditions the option to purchase was to be of no effect; that the premises had not been maintained in a good and husbandlike manner; that on September 28, 1948, the defendants instituted a suit in ejectment against the plaintiffs but that later the defendant Mary C. Fernandez was dropped as a party plaintiff; that she did not sign the lease and option agreement and did not authorize her husband to sell or lease the premises; that she received none of the rent paid by the plaintiffs and had no knowledge the property had been conveyed to her with her husband until she was joined as a party plaintiff in the ejectment proceedings; that

she made no agreement with the plaintiffs either verbally or in writing to sell or lease the property, and never had any talk or understandings with the plaintiffs about the property; that prior to November 20, 1950, an employee of the defendant's attorney informed the plaintiffs' attorney "that if the sum of $400 were paid to Fernandez by way of taxes, interest and insurance over and above the purchase price of $2000 that the defendant would execute a deed. The plaintiffs' attorney offered to pay $200, later raised this amount to $300, and finally on November 20, 1950, offered to pay $400. The defendants, through their attorney, rejected this offer of settlement at that time. On November 27, 1950, at the commencement of the hearing in the matter, the plaintiff tendered $2400 in cash, which was paid to the clerk of the Washington County Court of Chancery"; that the defendants never agreed to accept the promise of the plaintiff to pay $2400 in settlement of the dispute between them.

The pleadings alleged and the chancellor found that the contract in question had to do with the sale of lands owned by both defendants but that the contract was signed only by the defendant husband; that the defendant wife did not authorize her husband to sell or lease the premises and made no agreement with the plaintiffs, either verbally or in writing, to sell or lease the property; that by the terms of the contract the plaintiffs agreed to use and manage the premises in a good and husbandlike manner and that in the event of a breach of any of the conditions the option to purchase the property was to be of no effect; that the premises had not been maintained in a good and husbandlike manner; that the defendants had brought a suit in ejectment against the plaintiffs.

The findings do not show that any offer of settlement was ever made by anyone with authority or that it was made for both of the defendants. Even though such an offer had been made it was rejected by the plaintiffs' counter proposal and the plaintiffs could not afterwards revive it by tendering an acceptance. *Davenport* v. *Newton,* 71 Vt 11, 21, 42 A 1087. See also *Purrington* v. *Grimm,* 83 Vt 466, 469, 76 A 158; *Hill* v. *Bell,* 111 Vt 131, 134, 11 A2d 211; *Ackerman* v. *Carpenter,* 113 Vt 77, 81, 29 A2d 922. The pleadings alleged and the chancellor found that the defendants never agreed to accept the promise of the plaintiffs to pay $2400 in settlement of the dispute.

238

The plaintiffs failed to establish their claims of waiver and estoppel and it is sufficient to state that the Statute of Frauds was a good defense. V. S. 47, § 1716 (V). *Dunbar* v. *Farnum & Wife,* 109 Vt 313, 318, 319, 196 A 237, 114 ALR 996. It is apparent that the decree is warranted by the pleadings and supported by the findings. In fact neither the plaintiffs' main brief nor their reply brief point out anything to the contrary. *Decree affirmed.*