PETITION OF RESIDENTS OF SHAFTSBURY.

(95 A2d 41)

January Term, 1953.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed February 3, 1953.

*Edwin W. Lawrence* for petitionee Rutland Railway Corp.

*John B. Harte,* State's Attorney, for the petitioners.

CLEARY, J. This is an appeal from the order of the public service commission on the petition of residents of the town of Shaftsbury asking for the installation of an appropriate crossing signal device at the Eagle Square Crossing of the Rutland Railway Corporation in that town. The appeal is here on the Railway Corporation's exceptions to the findings of fact of the commissioner who heard the case, to the report of the commission, to the failure to comply with requests for findings and to the final order of the commission that the Railway Corporation install an electric flashing signal at the crossing in question.

Hearing was had by one member of the public service commission after he had stated it was impossible for the other members of the commission to attend, after his request that the parties waive their rights to a hearing before the whole commission and after he asked whether that was satisfactory. Counsel for the Railway Corporation answered "Yes."

V. S. 47, § 9292 provides as follows: "Powers of Single Commissioner. One commissioner may inquire into and examine any matter within the jurisdiction of the commission. With the consent in writing of the persons interested, filed with him, he may hold any hearing in any matter within the jurisdiction of the commission to hear, (with exceptions not here material), and forthwith report his findings of fact in writing to each of the other commissioners. However, judgment on such commissioner's findings shall be rendered only by a majority of the commission."

The Railway now claims that the commissioner who conducted the hearing did not have the powers conferred by V. S. 47, § 9292 because consent in writing of the persons interested in the hearing was not filed. Though it is unnecessary to decide that question because of what appears later in this opinion it seems best to point out that the public service commission. and its individual

members, have only such powers as are expressly conferred by the Legislature, together with such incidental powers necessarily implied as are necessary to the full exercise of those granted, *Trybulski* v. *Bellows Falls Hydro-Electric Corp.,* 112 Vt 1, 7, 20 A2d 117; *McFeeters* v. *Parker,* 113 Vt 139, 144, 30 A2d 300, and the facts necessary to confer jurisdiction must affirmatively appear from the record. *Roddy* v. *Fitzgerald Estate,* 113 Vt 472, 475, 35 A2d 668; *Brighton* v. *Charleston,* 114 Vt 316, 331, 44 A2d 628; *In re Mc-Mahon Children,* 115 Vt 415, 419, 63 A2d 198. Therefore when a hearing is held by one commissioner, he should be careful that consent in writing of all persons interested is filed with him.

The Railway has briefed two exceptions to findings of fact in the report of the commission. It excepted to the finding that "there have been several fatalities at the crossing" because there was no evidence tending to support a finding of several fatal accidents. The evidence showed only two fatalities, at least one of which was very remote so the exception must be sustained and the cause must be remanded for another hearing. At that time evidence may be introduced to prove that there have been several fatal accidents at the crossing in question.

The Railway also excepted to the finding that "there is little time for the driver to stop his vehicle before a collision unless he is exercising extreme caution" because reasonable caution and not extreme caution is all that such a person need exercise to prevent an accident. The commission found that approaching the crossing from the west, at a distance of 115 feet from the crossing, there is a clear view for 770 feet up the track. At 150 feet from the crossing, there is a clear view for 228 feet to the right. The speed limit for passenger trains over the crossing is 55 miles per hour. At a speed of 55 miles per hour, a train will arrive at the crossing from the distance of 770 feet in 9.5 seconds, and from the distance of 228 feet in 2.8 seconds. A car approaching the crossing at 20 miles per hour will travel 29 feet per second. In the event of slippery road surface, fog, rain or snow, especially at night, there is little time for the car driver to stop his vehicle before a collision unless he is exercising extreme caution. The finding excepted to is a conclusion which is adequately supported by the findings we have mentioned. The claim now made that there is no evidence of fog is not for consideration since not based on any exception. This exception is not sustained.

The Railway excepted to the failure of the commission to comply with the Railway's requests to find numbered 1 to 10, 15, 18 to 26 and 37. The Railway argues that its request numbered 1 should have been complied with because by examining Exhibit 1, which is a map showing sight distances, it is obvious that as one approaches the track from a point 150 feet south of the crossing on route 67 his view to the south increases rapidly so that at a point 137 feet south of the crossing a train can be seen over 300 feet south of it, and at a point 125 feet south of the crossing a train can be seen nearly 400 feet south of it. Railway's Exhibit 1 does not show such sights or distances and Railway's request numbered 1 does not request such finding. The commission's findings include the only sight distances shown on the Exhibit within 150 feet south of the crossing on route 67 so error is not shown in the failure to find as requested.

■ The exception to the failure to comply with the requests was "upon the ground that all of the evidence tends to support each of them; that there was no evidence to the contrary and that each was material and relevant to the subject matter and issues involved in this proceeding." These exceptions are not available because they are not well taken. They are too general to require any attention. It is enough to say that since there was no error in denying the first request and since the general exception included within its scope the refusal to comply with this request the exception is without merit. *Rugg* v. *Degnan,* 96 Vt 175, 178, 118 A 588; *Platt* v. *Shields & Conant,* 96 Vt 257, 266, 267, 119 A 520; *Morgan* v. *Gould,* 96 Vt 275, 279, 119 A 517; *Little* v. *Loud,* 112 Vt 299, 302, 303, 23 A2d 628.

*Because of the exception to the finding which we have sustained the order is set aside and the cause remanded. To be certified to the public service commission.*