## In Re Petition of Lucy Bolduc

[146 A2d 240]

September Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed November 5, 1958.

*Finn & Davis* for the petitioner.

*John D. Paterson* for the petitionee.

**Adams, J.**   This case involves a proceeding by the City of Montpelier taking land with buildings thereon of the petitioner for highway purposes.   The City Council, by resolution, adjudged that the taking of the premises was required for highway purposes and awarded the petitioner $10,000. as compensation and damages.   She filed a petition in the Washington County Court setting forth therein that she considered the sum awarded insufficient and inadequate and that she was dissatisfied with it.

The prayer of the petition is that the court appoint commissioners with further proceedings pursuant to V. S. 47 §5039 et seq., and that the proceedings of the City Council be amended, reversed and set aside or that the petitioner be awarded reasonable compensation for her damages.

The court appointed commissioners who heard the parties and then filed a report.   The court entered a judgment order accepting the report and awarding the petitioner $11,000. and her costs.   The case comes here upon the petitioner-appellant's exceptions to the report and judgment order.

Paragraph 1 of the report of the commissioners shows that the petitioner owned a parcel of land on the westerly side of Winooski Avenue with a frontage of approximately 175 feet and a depth of 140 feet and that the buildings on the land consisted of a four room frame cottage, a two room brick building and a building used as a garage and storage shed.

The petitioner excepted to paragraph 5 of the report which is as follows: "The fair value of the land and buildings to be taken by the City of Montpelier as described in paragraph No. 1 is $11,0000.00." The grounds of the exceptions are that the finding is not supported by the evidence, is contrary to the evidence, is against the weight of the evidence, is wholly unsupported by any evidence and the uncontradicted testimony is that the land and buildings have a fair market value substantially in excess of the value determined by finding number 5 and that the commissioners by making said finding have entirely ignored and/or failed to consider uncontradicted evidence.

■■ In considering these exceptions, we use the following standards that apply for the consideration of them in this Court. On an appeal to this Court for a review of findings on exceptions thereto on the foregoing grounds, we do not weigh the evidence as its persuasive effect and the credibility of the witnesses are for the trier of the facts to determine. A finding must stand if supported by any substantial evidence, although there may be inconsistencies, or even substantial evidence to the contrary. *Petition of Citizens Utilities Co.*, 117 Vt 285, 287, 91 A2d 687; *Petition of Stowell*, 119 Vt 298, 302, 305, 125 A2d 807. We must read the evidence in support of the findings, if reasonably possible, when considered as a whole. *Montpelier* v. *Bennett*, 119 Vt 228, 231, 125 A2d 779, and cases cited.

The evidence in regard to the value of the property was sharply conflicting. A real estate agent, who was a witness for the petitioner, placed its value for commercial purposes at $17,500. However, his testimony was tempered by his qualification that the property would have to be taken for the new highway that was to go through that location and he reduced his figure by $3,000. if there was to be no new highway leading

past the property. His testimony was vague as to the cost of excavating the land and the removal of the buildings in order to make the site available for commercial purposes. Another witness for the petitioner testified that he had offered $16,000. for part of the property and that he desired it for a particular purpose, that is for a garage. This offer was made several times, the last times within a year, and the petitioner refused it. The petitioner placed a value of $20,000. on the property.

A witness called by the city, whose business was that of an appraiser with 25 years experience, the last 15 entirely within the state of Vermont, described the buildings and their construction, the land, its topography and all particular characteristics with minute detail. He placed its maximum value in its then condition at $9,000. He placed its value for commercial purposes after its development for that use at $18,000. He stated that the present usable depth of the lot varied from 30 to 50 feet; that the highest possible development of the lot would be 174 feet by 80 feet deep; that in order to develop the lot it would require installation of drainage to care for an open spring on the lot, demolition of the buildings, excavating the land including ledges and also building a retaining wall. He specified detailed figures for the cost of each of these items. This cost would reduce the present net worth for commercial purposes to about $7,000.

It is not necessary to mention the evidence in greater detail. The transcript shows that the commissioners viewed the premises.

It was the function of the commissioners, aided by their view of the premises, to consider the entire testimony of the witnesses, weighing any and all reasons advanced by each for his opinion in regard to the value of the premises, evaluating the testimony of each witness by his qualifications, knowledge and experience and then arrive at a determination of the fair value of the property as the basis for the damage sustained by the petitioner for the taking of her property.

The petitioner claims that, as there was no direct testimony of the value of $11,000. as found by the commis-

sioners, they made their own appraisal of the property. This contention is without merit. This is not a case where the character of the damage is capable of being estimated by a strict money standard reduced to actual dollars and cents. Where the damages are not thus susceptible, all that is required is that there be furnished sufficient data so that the trier of the facts may estimate the proper amount with reasonable certainty. This does not allow speculation as to the amount of recovery, but submits the question to the sound judgment of the trier on the evidence. *G. & H. Holding Co.* v. *Dutton,* 118 Vt 406, 411-412, 110 A2d 724.

The amount of $11,000. is within the range placed before the commissioners by the testimony of the various witnesses and is consistent with the evidence. The evidence to sustain finding number 5 meets the standards heretofore set forth for determination of the exceptions thereto. It has not been made to appear that the commissioners failed to reach a fair and just result. *Latchis* v. *State Highway Board,* 120 Vt 120, 130, 133, 134 A2d 191.

■ The petitioner has not briefed any exception to the judgment so it is waived. *Hackel* v. *Burroughs,* 117 Vt 328, 329, 91 A2d 703.

*There is no error. Judgment affirmed.*