### New England Road Machinery Co. v. Howard G. Calkins

[149 A2d 734]

January Term, 1959

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed March 4, 1959     .

*John A. Swainbank* for the defendant.

*James B. Campbell* for the plaintiff.

**Adams, J.** This is an action of contract with a declaration in common counts and specifications. The defendant filed a general denial and also special matter of defense. A hearing was had by the court, findings of fact were filed and judgment was for the plaintiff to recover a balance due for the first four items of the specifications less an amount that had been paid thereon. The case is here on exceptions of the defendant. The record does not show any exception to the judgment but that omission does not preclude us from considering and disposing of trial questions properly raised and brought before us by a bill of exceptions. *State* v. *Barnett*, 110 Vt 221, 227, 3 A2d 521, and cases cited.

Findings to which no exceptions were taken show the following material facts:—The plaintiff claimed that the defendant was indebted to it for the first four items in the specifications amounting to $5,075.00, less a credit of $3,000.00 paid by the defendant on October 10, 1951, leaving a balance due of $2,075.00. The plaintiff has its place of business in South Boston and is engaged in the design, manufacture, fabrication and sale of road construction equipment. The defendant is and was at the time of the transaction in question in the con-

tracting business with his principal place of business in Danville, Vt.

By letter, dated July 18, 1951, to the defendant the plaintiff quoted a price of $3,225.00 for the first two items described as one and two in the specifications. About the middle of August, the defendant called the president and treasurer of the plaintiff company and informed him to proceed with the fabrication and furnishing of these two items. In the same conversation the defendant ordered the item specified as number three in the specifications. On August 15, the plaintiff passed on to its plant in Boston for fabrication and assembly a "shop-order" for these materials and equipment so ordered by the defendant for the price of $4,790.00. On or about September 11, the defendant ordered from the plaintiff item four in the specifications at a price of $285.00 and on September 27, this item was delivered to the defendant's carrier in Boston and was received by the defendant and delivery accepted by him.

The defendant received all of the materials set forth in the first four items in the specifications and has retained and used all of them except the "steel framework" mentioned in item two of the specifications.

■ ■ The defendant excepted to findings 10, 13, 14 and 15. The ground of the exception in each instance is that the finding is contrary to the evidence. The following rules apply in considering exceptions to findings on that ground. A finding must stand if there is legitimate evidence fairly and reasonably tending to sustain it; if this is so, the fact that the evidence is conflicting cannot avail the excepting party, for all conflicts must be resolved against him on review; and the weight of the evidence and the credibility of the witnesses are for the trier of the facts to determine, and so, if he finds certain evidence implausible, it is not for us to revise his judgment thereon. We must read the evidence to support the findings, if reasonably possible, when considered as a whole. *Sparrow* v. *Cimonetti*, 115 Vt 292, 297-298, 58 A2d 875, and cases cited; *Montpelier* v. *Bennett*, 119 Vt 228, 231, 125 A2d 779, and cases cited.

The four findings in question state in substance that about

September 1, 1951, the defendant called at the plaintiff's plant in Boston, where he examined the "steel framework" and approved it except for the width and stated that he desired an 8 foot width instead of 8 feet 6 inches. He was then informed that the frame, to function properly and fit his crusher must measure 8 feet 6 inches. He then assented to the latter width.

On October 10, a date subsequent to the receipt of the materials in question, the defendant paid the plaintiff by check $3,000.00. At that time, he evidenced no dissatisfaction with the materials and made no complaint about the materials or workmanship of the "steel framework."

On November 27, after the plaintiff company had made numerous requests for the payment of the balance of its account, the defendant wrote the plaintiff that he would return "the hopper and feed support steel which is $285.00 and the 24x28 conveyor at $1,565.00", stating that if he needed the items in the spring he would get in touch with them but again made no mention that "the materials were not suitable for the purpose for which he purchased them, as he now claims."

From all evidence, the contract involved was consummated and concluded in Boston.

We spend no time in recapitulating the evidence pertaining to these findings. It is sufficient to say that the record shows ample evidence introduced on behalf of the plaintiff that fairly and reasonably supports them. It is true that some evidence introduced on behalf of the defendant tended to contradict some parts of these findings but, as we have seen, that is not sufficient. Many questions asked of the defendant were answered, "I don't remember." The record clearly shows that the trier could well have been justified in feeling that much of the testimony of the defendant was evasive, unsatisfactory and contradictory. In regard to the place of the contract, the record shows that the items were ordered by the defendant by letter or telephone to the plaintiff's place of business in Massachusetts and that they were delivered by the plaintiff to a carrier hired and directed by the defendant to call for and transport them to him in Vermont. When tested by the rules that we have stated, findings 10, 13, 14 and 15 were justified and the exceptions to them are not sustained.

■ The defendant filed eleven requests to find certain facts, number 7 thereof having five subdivisions. He excepted to the failure of the court to find all of them except number one. In taking this exception he set forth each request verbatim and then concluded as follows:—"The above findings of fact requested by the defendant are supported by the evidence and are relevant to the issues in the case and should have been found by the court." We have repeatedly held that exceptions to failure to find taken in this manner, that is, merely on the ground that the requested finding is supported by the uncontradicted evidence without pointing out why or how the facts requested are material are too general and are not available here. *Cole* v. *Cole*, 117 Vt 354, 366-367, 91 A2d 819, and cases cited. See *Platt* v. *Shields & Conant*, 96 Vt 257, 266-267, 119 A 520, and cases cited; *Susena* v. *Recor* 103 Vt 447, 449, 156 A 416; *Utley* v. *School District of Woodbury*, 110 Vt 522, 529-530, 9 A2d 117; *Little* v. *Loud*, 112 Vt 299, 302-304, 23 A2d 628; *White* v. *Hight*, 112 Vt 420, 421-422, 26 A2d 86; *Holton Estate* v. *Ellis*, 114 Vt 471, 484, 49 A2d 210; *Hathaway* v. *Fernandez*, 117 Vt 234, 235, 89 A2d 117; *Hackel* v. *Burroughs*, 117 Vt 328, 329, 91 A2d 703; *Town of Randolph* v. *Ketchum*, 117 Vt 468, 469-470, 94 A2d 410; *Petition of Residents of Shaftsbury*, 117 Vt 502, 505, 95 A2d 41. The exceptions to the failure to find as requested are not sustained.

■■ During the hearing and while the defendant was testifying, his attorney made a motion that "the plaintiff's case be dismissed for the reason that they are not qualified under Vermont law to enforce their contract in our courts." The motion was denied and the defendant allowed an exception. All that the defendant says in his brief about this exception is that the "motion that the plaintiff's case be dismissed should have been allowed. The court erred when the motion was denied. The defendant took an exception." This is inadequate briefing. A general statement that error was committed, without citing authorities, stating grounds and supporting the point by argument is inadequate briefing and merits no consideration. *Bigelow* v. *Denis*, 119 Vt 21, 25, 117 A2d 261. Furthermore, the motion was premature since it was

made before findings of fact were made and filed. *Montpelier v. Bennett*, 119 Vt 228, 230, 125 A2d 779, and cases cited; *Roberts, Inc.* v. *White*, 117 Vt 573, 575, 97 A2d 245, and cases cited.

■ ■ The motion was also without merit. Unless expressly forbidden, a foreign corporation is entitled under principles of comity to access to the courts in this state and to sue and collect its debts. *Siwooganock Guaranty Savings Bank* v. *Cushman*, 109 Vt 221, 247, 195 A 260; *Holbrook Grocery Co.* v. *Commissioner of Taxes*, 115 Vt 275, 57 A2d 118. As the contract in the instant case was a Massachusetts contract, the authority of the plaintiff to transact business in this state need not be considered. *Siwooganock Guaranty Savings Bank* v. *Cushman, supra*, 109 Vt at p. 249, 195 A at 273, and cases cited. See also *Livingston Mfg. Co.* v. *Rizzi Bros.*, 86 Vt 419, 424-425, 85 A 912; *Kinnear & Gager Mfg. Co.* v. *Miner*, 89 Vt 572, 575, 96 A 333; *Bishop & Co.* v. *Thompson*, 99 Vt 17, 23, 130 A 701; *Conn Boston Co.* v. *Griswold*, 104 Vt 89, 99, 157 A 57. There was no error in denying the motion.

■ The defendant excepted to finding 17 which states, "Judgment will be rendered for the plaintiff to recover of the defendant the sum of $2,075.00 and its taxable costs." The ground of the exception is that it "is not a finding of fact and is contrary to the facts in the case and the law applicable to the actual facts in the case." No doubt this is, as the plaintiff says, a conclusion of law rather than a finding of fact, but, even so, if it is sustained by the facts previously found, no error can be predicated upon it. *Schwartz* v. *Avery*, 113 Vt 175, 180, 31 A2d 916; *Abatiell* v. *Morse*, 115 Vt 254, 259, 56 A2d 464; *Thompson* v. *Smith*, 119 Vt 488, 496, 129 A2d 638; It is apparent from our review of the findings of fact that they sustain the conclusion that the defendant is liable to the plaintiff for the balance due of $2,075.00 on the four items set forth in the specifications.

*There is no error. Judgment affirmed.*