## Gramatan National Bank and Trust Co. v. Carl W. Pierce et als

[159 A.2d 781]

January Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed March 2, 1960

*Earle J. Bishop* for the plaintiff.

*Clifton G. Parker* for the defendants.

**Shangraw, J.** This is an action in general assumpsit, with specifications, seeking to recover on a note. The defendants answered by way of a general denial, and by special matters in defense alleged that the note was obtained through trickery, fraud, and unlawful combination and conspiracy between the payee therein named and the plaintiff. The defendants also claimed lack of consideration. Hearing was had by the court, findings of fact were made and judgment entered for the defendants. The plaintiff appealed and is here on exceptions to: (a) the exclusion of evidence offered by the

plaintiff; (b) the admission of evidence objected to; (c) certain findings of fact; and, (d) to the judgment.

At the outset of the trial counsel stipulated that the evidence introduced, concessions of counsel, and stipulations and exhibits in the companion case of The Gramatan National Bank and Trust Company v. Henry A. Morey, et al. §2805, Lamoille County Court, might be considered in this case.

We now summarize the undisputed facts. On or about September 8, 1955, the defendants negotiated with a representative of the Globe Remodeling Co., Inc. doing business at Rutland, Vermont, for the purchase of house siding for their house. As a result of these negotiations, on September 8, 1955 the defendants executed and delivered to the Globe Remodeling Co., Inc. their note in the principal sum of $3,044.40, for which they were to receive a sufficient quantity of siding to cover their house, also $1,200. in cash. This note was executed and delivered to the Globe Remodeling Co., Inc. before the company had delivered any of the siding material, or paid the defendants $1,200. The note was payable in monthly installments of $50.74. The note in question was endorsed by the Globe Remodeling Co., Inc. and on September 9, 1955 the plaintiff purchased it from The Gramatan Co., Inc. paying therefor the sum of $2,250. The defendants then resided in Morrisville, Vermont. The principal places of business of the plaintiff and The Gramatan Co., Inc. were in Bronxville, County of Westchester, New York. The defendants received for their note a quantity of packaged siding materials, and $400.00 in cash from the Globe Remodeling Co., Inc. The siding so delivered was never placed on the house by the Globe Remodeling Co., Inc. The defendants made no payment on the note. Sometime in the late fall of 1955, the defendants received a communication from the Globe Remodeling Co., Inc. requesting that the payment book furnished the defendants be forwarded to it, as this company desired to "check" it. The defendants forwarded the book to the Globe Remodeling Co., Inc. and within a few days the book was returned with five installment payment sheets detached. The plaintiff received the five installment payments of $50.75. It does not

know who made these payments but suspects the Globe Remodeling Co., Inc. may have made them.

The Gramatan Co., Inc., from which the plaintiff purchased the note in question, is engaged primarily in the business of handling commercial paper. A Mr. Henry Wunder, assistant cashier of the plaintiff, serviced notes similar to the one in question for the plaintiff for the past ten years, and purchased for the plaintiff a large number of Globe Remodeling Co., Inc. notes before purchasing the one in question. Hs also purchased notes for the plaintiff of Marvin S. Berger while he, Berger, was doing business as an individual and when he, Berger, did business under the firm and style name of the Globe Remodeling Co., and later after Mr. Berger incorporated as the Globe Remodeling Co., Inc. Many of the notes so purchased by the plaintiff bank, wherein the Globe Remodeling Co. or the the Globe Remodeling Co., Inc. were the payees, were so-called F. H. A. notes. In the middle of 1954, several mcnths before the plaintiff purchased the defendants' note, the Globe Remodeling Co. Inc., in banking parlance, was placed on "precautionary." This action by the Federal Government, in so far as F. H. A. notes were concerned, meant that greater precaution should be taken in the acquisition of Globe Remodeling Co., Inc., notes. In December 1955, approximately three and one-half months after purchasing defendants' note, the plaintiff discontinued altogether buying Globe Remodeling Co., Inc. and/or Berger notes.

The plaintiff excepts to that portion of finding No. 1 wherein the court found that the defendants negotiated for "the purchase of a house 'siding' job" and also that portion of finding No. 2 wherein it was found that "The Globe Remodeling Company, Inc. agreed to cover the defendants' house with siding material," as not being supported by the evidence. The plaintiff urges that there was no agreement on part of the Globe Remodeling Co., Inc. to install the siding, however in finding No. 8 to which exceptions were taken, but not briefed and therefore waived, the court therein found, "The siding delivered to defendants' home was never placed on the house by the Globe Remodeling Co., Inc." We infer from this latter finding that the installation of the siding was to be made at the expense

of the Globe Remodeling Co., Inc. To say the least, it is however an undisputed fact that a sufficient quantity of the siding was to be furnished the defendants to cover their house. This was not done, as only a part of the siding was delivered. These exceptions are not sustained.

■ The plaintiff's exceptions to the exclusion of evidence offered by the plaintiff, exceptions to the admission of evidence objected to, and exceptions to findings Nos. 8 and 12 have not been briefed and are therefore waived. *Petition of Lyndonville Village,* 121 Vt. 185, 187, 151 A.2d 319; *State* v. *Severance,* 120 Vt. 268, 275, 138 A.2d 425.

Findings Nos. 16 and 17, excepted to by the plaintiff read:

> "16. Prior to the purchase of defendants' note (Plaintiff's Exhibit 1) in September, 1955 the plaintiff had experienced considerable trouble with Globe Remodeling Co., Inc. notes, or, as they were referred to, the 'Berger Notes.'

> "17. Complaints reached the plaintiff bank in a number of cases that Globe Remodeling Co., Inc. had not delivered materials, had not performed the labor, and, in some instances like here, the cash consideration had not been paid. In many cases, the maker or makers of the notes had refused to pay and the plaintiff had instituted suit, as here."

■■ In our disposition of exceptions to findings we bear in mind that a finding must stand if supported by any substantial evidence, although there may be inconsistencies, or even substantial evidence to the contrary. *In re Petition of Bolduc,* 121 Vt. 20, 22, 146 A.2d 240; *Petition of Stowell,* 119 Vt. 298, 302, 305, 125 A.2d 807; and *Petition of Citizens Utilities Co.,* 117 Vt. 285, 287, 91 A.2d 687. We must read the evidence in support of the findings, if reasonably possible, when considered as a whole. *New England Road Machinery Co.* v. *Calkins,* 121 Vt. 118, 120, 149 A.2d 734. In considering findings Nos. 16, and 17, it is sufficient to say, without going into

detail, that there was evidence fairly and reasonably tending to support these findings.

Exceptions were also taken to the following findings:

"19.    Mr. Wunder also testified that he exercised the usual precautions in purchasing defendants' note, however, we are unable to find that he, as Assistant Cashier of the plaintiff bank, or the firm from whom the plaintiff bank claims it acquired title to said note, did anything to determine the circumstances under which Globe Remdeling Co., Inc. obtained the note in question from the defendants.    Had the plaintiff dispatched a letter to the defendants, similar to plaintiff's exhibit 2, in the Morey  case, #2805, it would have been immediately alerted to the true facts and it is inconceivable it would have then purchased the note which is the subject of this litigation.

"20.  At a time prior to the purchase of plaintiff's exhibit 1 by the plaintiff bank, it came to the attention of the officers of plaintiff bank that Federal Law enforcement officials were concerning themselves with the activities of Marvin S. Berger and/or Globe Remodeling Co. Inc. and, in fact, interrogated officers of the plaintiff bank relative to Globe Remodeling Co. Inc., and/or Berger notes.   This, in and of itself, should have been sufficient to alarm plaintiff bank and to indicate to it that all was not 'complete and regular' and that an inquiry was in order.

"22.    In the face of all this, can it be said that the plaintiff purchased defendants' note, plaintiff's exhibit 1, in good faith as that term is defined by our Supreme Court  (103 Vt. at page 406)?    We think not.

"23.    The Court finds that plaintiff had knowledge of such facts pertaining to the payee of the note in question, that its action in purchasing the note under the circumstances revealed by the evidence amounted to bad faith and it cannot rightfully claim to be an innocent holder in due course merely by hiding behind  the tainted garb of Gramatan Co. Inc., the intermediate agent in this case.

"24. To enter judgment against the defendants in this case for Two Thousand, Seven Hundred Ninety Dollars and Seventy Cents, ($2,790.70) plus 6% interest plus 18% attorney fees, with taxable costs, under the circumstances would be a rank injustice. This Court will have no part of it.

"25. The Court finds that plaintiff failed to exercise that degree of diligence and caution expected and required of a business institution, especially a banking institution, in the purchase of defendants' note to make of itself an innocent holder in due course.

"26. Judgment will be entered for the defendants to recover their costs."

We now discuss the exceptions to the findings not heretofore disposed of. The plaintiff claims that finding No. 19 is not supported by the evidence, urging that a letter was in fact sent to the defendants inquiring whether the materials and the job were satisfactory, as testified to by Mr. Wunder. Such a letter was sent in the Morey case #2805. In its findings the court presumably had in mind that the note was signed by the defendants in Morrisville, Vermont, September 8, 1955, before the siding was delivered, and before the $400 was paid. Also, that the note was purchased by the plaintiff in Bronxville, New York, the following day. It is apparent that this afforded the plaintiff no time by letter to determine the true facts or circumstances surrounding the transaction, even assuming such a letter had been sent to the defendants. This exception is without merit.

The plaintiff's exception to finding No. 20 is addressed to that portion of the first sentence of the finding which reads: "At a time prior to the purchase of plaintiff's exhibit 1" * * *. This case was heard July 10, 1958. The transcript reveals that the interview by the Federal law enforcement officers, referred to in the finding, was as testified to "this past year." This interview evidently took place during the year 1957. Therefore the exception as to the time this interview took place is well taken. To some extent this finding at least supports the undisputed fact that the Globe Remodeling Co., Inc. had been placed on "precautionary" in 1954, which meant that

greater precaution should thereafter be exercised in the acquisition of these notes. The result in this case cannot be affected by this finding.

■■ It is urged that findings Nos. 22, 23, 24, 25 and 26 are conclusions inferred from previous findings, which are not supported by the evidence, and must not stand. In disposing of these claims it is sufficient to say that during the year 1954 the plaintiff was notified or warned by the Federal Government that these notes should be discounted with caution and were placed on "precautionary." The evidence discloses that at the time the note in question was purchased there were then pending a large number of cases, about twenty-eight, in the courts of Vermont brought by the plaintiff against makers of these so-called "Berger" notes. Certainly the evidence in this case supports the trial court's findings that the plaintiff had knowledge of facts which tended to show something was wrong with these transactions. It had at its disposal means of informing itself of all facts pertaining thereto, including this particular case. Here, it failed to do so before acquiring the note and its lack of good faith is self-evident. See *Barre Trust Co.* v. *Ladd* 103 Vt. 392, at page 413, 154 A. 680, for circumstances and cases from which bad faith may be inferred. While to a large extent these particular findings are conclusions, they are however sustained by facts previously found and supported by the evidence, and no error can be predicated thereon. *New England Road Machinery Co.* v. *Calkins*, 121 Vt. 118, 123, 149 A.2d 734; *Schwarz* v. *Avery*, 113 Vt. 175, 180, 31 A.2d 916; *Abatiell* v. *Morse*, 115 Vt. 254, 259, 56 A.2d 464; and *Thompson* v. *Smith*, 119 Vt. 488, 496, 129 A.2d 638. The mere fact that a finding, or a portion of it, is a conclusion of law is harmless when it is sustained by other facts found which are sufficient in law to support the conclusion. *Mc Kinney* v. *Kelley*, 120 Vt. 299, 307, 141 A.2d 660; *Schwarz* v. *Avery*, *supra*, 180. There is nothing in the conclusions objected to which are inconsistent with the other findings.

No question is raised but that the note was complete and regular on its face, and that the plaintiff became the holder

thereof before it became overdue. The controverted facts relate to the circumstances of the taking by the plaintiff; whether there was fraud on the part of the Globe Remodeling Co., Inc. in procuring the note; and, the failure of consideration. The plaintiff claims it is a holder in due course. To be a holder in due course under 9 V. S. A. Negotiable Instruments, §422, it became necessary that the plaintiff took the note in good faith and for value, and, that at the time it was negotiated to the plaintiff, it did not have notice of any infirmity in the instrument or defect in the title of The Gramatan Co., Inc.

■ We start with the presumption that plaintiff is a holder in due course. *Howard National Bank* v. *Wilson*, 96 Vt. 438, 449, 120 A. 889. 9 V. S. A. Negotiable Instruments, §430, provides: "Every holder is deemed prima facia to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course" * * *. As to what constitutes notice of an infirmity in a note, 9 V. S. A. Negotiable Instruments, §427, reads: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect or knowledge of such facts that his action in taking the instrument amounted to bad faith."

In *Howard National Bank* v. *Wilson*, 96 Vt. 438, 453, 120 A. 889, 895, this Court, citing *Paika* v. *Perry*, 225 Mass. 563, 114 N. E. 830, said: "To show knowledge that the taking would amount to bad faith it is not necessary that representatives of the bank should know the exact fraud that was practiced upon the defendant, but the defense would be available, if the facts within their knowledge tended to show there was something wrong with the transaction" * * *. See *Barre Trust Co.* v. *Ladd, supra,* pages 412, 413.

■ When the plaintiff proved its note and it had been received in evidence, it had then made out a prima facie case on which it could rely until the defendants introduced evidence

of fraud in the inception of the note sufficient to support such a defence if the Globe Remodeling Co., Inc. had been plaintiff. When the defendants introduced evidence sufficient for the consideration of the court, which so appears from the facts as found, tending to show infirmity in its inception, then the burden was upon the plaintiff to prove by a preponderance of the evidence that the plaintiff bought the note in good faith. *Gramatan National Bank & Trust Co.* v. *Beecher*, 121 Vt. 39, 48, 146 A.2d 246. Viewing the facts as found, in the light most favorable to the defendants, as we must do, the plaintiff failed to sustain its burden of proof by showing that it purchased the note in good faith. It is not a holder in due course as established by the findings of fact. It is interesting to observe that the note in question, plaintiff's exhibit #1, does not bear the endorsement of The Gramatan Co., Inc. even though purchased from it by the plaintiff. Mr. Wunder, on cross-examination, admitted that The Gramatan Co., Inc. was an affiliate of the plaintiff. Also, that the plaintiff had a working agreement with this affiliate to purchase these notes, and even had authorized The Gramatan Co., Inc. to use the plaintiff's stationery concerning these transactions. This leaves no room for doubt but that The Gramatan Co., Inc. was acting as an intermediary for the plaintiff in this transaction.

■■ The defendants also claim failure or lack of consideration. 9 V. S. A. Negotiable Instruments §351 reads:

> "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

Therefore, to overcome the statutory presumption of consideration, the burden was on the defendants, not only of introducing some evidence of lack or failure of consideration, but of ultimately establishing the issue by a preponderance of evidence. *Harponola Co.* v. *Wilson*, 96 Vt. 427, 433, 120 A. 895; 152 A. L. R. 1335; *Greenwood* v. *Lamson*, 106 Vt. 37, 43, 168 A. 915, and cases cited. Moreover, if under a plea of total failure of consideration defendant proves only partial consideration, he must show the extent thereof. 11 C. J. S. §645 (d), page 10.

■■ The defendants admit the receipt of $400 of the sum of $1,200 which was promised them.  Only a portion of the siding was delivered, and none of it was installed.  Having in mind the plea of absence or lack of consideration we refer to 9 V. S. A.  Negotiable Instruments §355, reading as follows:

> "Absence or failure of consideration is matter of de-fense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto  whether the failure is an ascertained and liqui-dated amount or otherwise."

Under the Negotiable Instruments Act it is a well settled rule that a partial failure or want of consideration, whether an as-certained and liquidated  amount or not, is a defense *pro tanto* where the bill or note is in the hands of a payee or one who stands in his shoes, and is not a bona fide holder in due course.  10 C. J. S. Bills and Notes, §523, and cases cited on pages 1150 and 1151.  Also see *Benjamin Moore & Co.* v. *O'Grady*, 9 Cal. App.2d 695, 50 P.2d 847; *Tuttle* v. *George A. Tuttle Co.*, 101 Me 287, 64 A. 496.  If the consideration between the original parties has failed in part, the amount recoverable will be reduced to that extent.  *Benjamin Moore & Co.* v. *O'Grady, supra.*

We have upheld the lower court, that on the facts pre-sented, the plaintiff is not a holder in due course.  No evi-dence was introduced as to the value of the siding delivered to the defendants and retained by them, nor findings made to that effect.  Thus, we are unable to determine to what extent there has been a partial failure of consideration.  Such facts should be determined in order that the extent of the partial failure of consideration may be ascertained.  For examples of a remand for a new trial on a limited issue only, see *Demers* v. *City of Montpelier*, 120  Vt. 380, 391, 141 A.2d 676; *Laferriere* v. *Saliba*, 119 Vt. 25, 34, 117 A2d. 380; *Mott* v. *Bourgeois*, 109 Vt. 514, 522, 1 A.2d 704.

The conclusion which we reach disposes of the  exception to the judgment.

*Judgment reversed.  Cause remanded for rehearing to ascertain the extent of the failure of consideration and the amount plaintiff is entitled to recover.*