## Gramatan National Bank and Trust Co. v. William H. Beecher et al

[173 A.2d 163]

May Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 12, 1961

*Earle J. Bishop* for the plaintiff.

**Shangraw, J.** This is an action in general assumpsit, with specifications, seeking to recover on a note signed by the defendants and payable to the Globe Remodeling Company. The defendants filed an affidavit of defense alleging: fraud in the procuring of the note by the payee, and signatures thereto; that the plaintiff is not a holder in due course; and that the representations made by the Globe Remodeling Company were a part of a general scheme to defraud the defendants of which the plaintiff had knowledge.

An opinion was handed down by this court in this case at the November Term, 1958 and is reported in 121 Vt. 39, 146 A.2d 246. Initially the trial court entered judgment for the plaintiff to which an appeal was taken by the defendants. On appeal, and predicated on the facts as found, this Court at page 49 of the opinion in part stated, * * * "there was evidence tending to show fraud in the procurement of defendant's signatures to the initial contract and ultimately to the note. * * * Furthermore, in the absence of evidence on the part of the plaintiff disclosing facts and circumstances attending the transfer and its procurement of the note, from which good or bad faith might be inferred, it cannot be said that the court was at liberty on the evidence presented to determine as a matter of law that the plaintiff purchased the note in good faith, or that it was a holder thereof in due course." Judgment was reversed, cause remanded, and a further hearing was had by the Bennington County Court limited to the sole purpose of allowing the plaintiff to disclose "facts and circumstances attending the transfer and its procurement of the note from which good or bad faith might be inferred." Findings of fact were then made and judgment entered for the defendants to recover their costs.

The plaintiff filed a notice of appeal and here urges that the court erred in certain of its findings, and further that judgment should have been entered for the plaintiff in accordance with specifications.

On rehearing Henry C. Wunder, assistant vice president of the Gramatan National Bank and Trust Company, was improved as a witness and by consent of the parties it was agreed that the testimony by him given at the first trial might be considered by the trial court in this last hearing, and it was so considered.

A detailed statement of the facts and circumstances surrounding this transaction is reported in *Gramatan National Bank and Trust Company* v. *Beecher, supra,* and for the purpose of passing upon the questions here presented it is sufficient to briefly summarize them as

follows: On September 24, 1953 a representative of the Globe Remodeling Company procured the defendants' signatures to a contract wherein the Globe company agreed to furnish and install asbestos siding on their home in Bennington, Vermont, for a net cash price of Twelve Hundred Dollars, ($1,200). As an inducement to the procurement of their signatures to this contract it was represented by the Globe company that photographs of their home would be taken by the company to be used in its advertising program: that other sales would be made by the company by reason of this proposed advertising; that the defendants would be allowed commissions on such other sales as might be made through this advertising by the company in that locality; and that by reason of this advertising program the defendants would make a lot of money in the form of commissions which would more than pay for the siding to be placed on their home. No photographs were taken, nor did the defendants receive any commissions. Later, on October 13, 1953, the Globe company procured the defendants' signatures to a note written for the sum of Fourteen Hundred Fifty One Dollars and Eighty-eight cents ($1,451.88), as set forth in the plaintiff's specifications. This was obtained by reason of representations made by an agent of the Globe company that the defendants were going to make money by reason of the advertising, and that their signatures to the note "was to show the job had been completed." Following this general pattern of representation other contracts and notes were obtained by the Globe company from several property owners in the vicinity of Bennington, and likewise no photographs were taken, nor commissions paid to any of them. *Gramatan National Bank and Trust Company* v. *Beecher, supra,* at pages 43 and 44.

This Court on the first appeal held that there was evidence tending to show fraud in the procurement of the defendants' signatures to the initial contract and ultimately to the note. The limited issue here presented by this appeal is whether or not the plaintiff is a holder in due course of the note. 9 V.S.A. §422 in part reads:

"A holder in due course is a holder who has taken the instrument under the following conditions: * * *

"(3) that he took it in good faith and for value; and

"(4) That at the time it was negotiated to him, he did not have notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The following facts were found on the issue presented. The note was endorsed by the Globe Remodeling Company to the Gramatan Co., Inc. on October 13, 1953, the date of the note. On the same date the plaintiff received a telephone call at its New York office from the Boston office of the Gramatan Co. Inc., an affiliate, asking for a commitment to purchase certain negotiable instruments, including this note. The note in question was purchased by the plaintiff from the Gramatan Co., Inc. without investigation. This negotiation and transfer were made under the direction of the witness, Henry C. Wunder, assistant vice-president and supervisor of the purchase and collection of notes for the plaintiff. As of October 13, 1953 Mr. Wunder had purchased for the plaintiff some three hundred notes of the Globe Remodeling Company. The usual procedure was that such a note, accompanied by a financial statement, would be first submitted to the plaintiff before it was purchased from the Gramatan Co., Inc. As of October 13, 1953 about twenty-one complaints of various kinds had come to the attention of the plaintiff concerning the activities of the Globe Remodeling Company. These complaints related to one or another of the following: (a) that the job contracted for had not been completed; (b) that there had been misunderstanding of the date of the first payment; (c) that there had been a misunderstanding of the rebate allowable in the event of prepayment; (d) that the workmanship had been unsatisfactory. These complaints were referred to the Globe company by the plaintiff. On the day in question, October 13, 1953, and in respect to the defendants' note, the court was unable to find that the plaintiff did anything to determine the circumstances under which the Globe Remodeling Company obtained the note from the defendants. The only endorsement on the note is that of the Globe Remodeling Co. by Marvin S. Berger, "Owner." There is no endorsement by the Gramatan Co., Inc. or an agent thereof. Under paragraph 12 of the findings of fact, which is the crucial finding, the trial court stated:

"12. The Court cannot find that the plaintiff has shown by a preponderance of the evidence that the facts and circumstances attending its procurement of the Beecher note were such as to show not only that the plaintiff bank took the note in good faith and for value but also that at the time it was negotiated to the plaintiff the plaintiff had no notice of any

infirmity in the instrument or defect in the title of the Gramatan Company, Inc."

█ It having been determined that there was evidence tending to show fraud in the procurement of the defendants' signatures to the note, the burden was then cast upon the plaintiff to prove by a preponderance of the evidence that it purchased the note in good faith. *Gramatan National Bank and Trust Company* v. *Beecher, supra,* at page 48. *Howard National Bank* v. *Wilson,* 96 Vt. 438, 120 A. 889.

In its brief the plaintiff in effect claims that the controlling finding, No. 12, is not supported by the evidence. The evidence is conclusive that the note was negotiated on the same date it was issued without any investigation on the part of the plaintiff as to the surrounding circumstances under which it was given, despite prior complaints received concerning similar notes of the Globe company. Such complaints were, as a matter of practice, referred to the Globe company for adjustment, and, as testified to by Mr. Wunder on behalf of the plaintiff, —"If they weren't settled, we wouldn't purchase any more notes negotiated by Globe Remodeling." In view of the record it cannot be said that the plaintiff was not placed upon inquiry to determine the facts and circumstances surrounding this transaction before purchasing the note.

█ The plaintiff and the Gramatan Co., Inc. were affiliates. The Gramatan Co., Inc. acted as an intermediary for the plaintiff in this transaction, as well as others. While separate legal entities, some of the same persons served as officers or on the board of directors of each company. We have here the same general working agreement between the plaintiff and the Gramatan Co., Inc. as existed in the case of *Gramatan National Bank and Trust Co.* v. *Pierce,* 121 Vt. 406, 159 A.2d 781. Neither gross negligence, nor knowledge of suspicious circumstances, nor failure to inquire into the consideration will of themselves, as a matter of law, prevent a recovery by a holder of negotiable paper who purchases it in the ordinary course of business. The authorities are, however, practically unanimous in holding that the existence of such facts may be evidence of bad faith sufficient to take the question to the jury, and especially is this so where the burden is upon the holder to establish the innocent character of his purchase. See *Arnd* v. *Aylesworth,* 145 Iowa 145, 123 N.W. 1000, 29 L.R.A.,

N.S., 638, cited in *Land Finance Corp.* v. *Sherwin Electric Co.,* 101 Vt. 114, at page 123, 141 A. 598, 601.

We must read the evidence to support the findings, if reasonably possible, when considered as a whole. *N. E. Road Machinery Co.* v. *Calkins,* 121 Vt. 118, 120, 149 A.2d 734. *Record* v. *State Highway Board,* 121 Vt. 230, 239, 154 A.2d 475. The facts and record do not meet the test of good faith. The findings are warranted by the evidence.

The plaintiff excepted to the ruling of the trial court that the hearing would be limited to the sole issue of plaintiff's good or bad faith in the acceptance of the note in question. It has waived this objection by its failure to brief that point. Plaintiff now claims in this Court, and for the first time, that the court should have granted judgment for the plaintiff to recover the consideration given for the note, notwithstanding its findings, citing as authority *Gramatan National Bank and Trust Co.* v. *Pierce, supra.* Under the limited issues as tried below, there is nothing in the record upon which a judgment therefor can be predicated.

*No error appears. Judgment affirmed.*