### College Park Credit Corporation v. Dennis Carver

[322 A.2d 305]

No. 208-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed July 1, 1974

*Robert M. Rosenberg, Jr., Esq.,* Burlington, for Plaintiff.

*Michael S. Kupersmith, Esq.,* and *William A. Dalton, Esq.,* Vermont Legal Aid, Inc., Burlington, for Defendant.

**Larrow, J.** Plaintiff, a foreign corporation, sued defendant, a Burlington resident, claiming indebtedness in a stated amount, and attaching to its complaint a statement of account, a promissory note payable to the order of one Richard C. Evans, and a "Lender Copy" of a policy delivery receipt from College Life Insurance Company of America to defendant. This receipt contained a space for "Information on Note Given for First Annual Premium," not filled in, and a bold face notation that the note (not otherwise described) was payable at the post office address of the plaintiff.

Defendant answered that the note was given for a policy of insurance, not specified on the premium receipt, and that Evans was not licensed to sell insurance in Vermont.

Plaintiff then filed a "Reply" that it, as assignee of the note, furnished the money to defendant, so that defendant was indebted to it, and further denying that Evans was unlicensed. It also moved for summary judgment, with a supporting affidavit merely reasserting liability and amount due.

Defendant offered an affidavit to the effect that Evans, an insurance salesman, arranged a loan for the first year premium, failed to tell him that he would owe two years' premium at the end of the first year, and that it was unlawful under 8 V.S.A. § 3702 for an insurance company or agent to provide any valuable consideration or inducement not specified in the policy.

The court granted the motion for summary judgment, finding that defendant executed the note (dated in 1968), that it was assigned to plaintiff, and that defendant had defaulted on the note. In brief conclusions of law it noted that there was no factual defense to plaintiff's affidavit because, whether or not there was a violation of 8 V.S.A. § 3702, neither the agent nor the insurance company was a party to the action. We reverse.

As we pointed out in *Fonda* v. *Fay*, 131 Vt. 421, 306 A.2d 97 (1973), under V.R.C.P. 56 the burden is on the moving party to establish that there are no triable issues of fact. That burden is not here met. Undetermined by the court's decision are the issues of alleged illegality of the note in question as a consideration or inducement not stated in the policy, whether such illegality would render the note void or voidable, and whether or not plaintiff took the note subject to the asserted defense. Noteworthy is the fact that plaintiff claims only an assignment of unspecified date, does not even allege that it is a holder in due course, and that the note recites on its face that it is "taken for insurance." This falls far short of establishing that it is a holder in due course under 9A V.S.A. § 3-307(3). See also *Gramatan National Bank* v. *Beecher*, 122 Vt. 366, 173 A.2d 163 (1961); and *Gramatan National Bank* v. *Pierce*, 121 Vt. 406, 159 A.2d 781 (1960).

We know of no authority, and we are pointed to none (plaintiff not having briefed or argued its case here) holding the payee of an assigned note, or anyone interested as the insurance company may here be, to be an indispensable party under V.R.C.P. 19.

Defendant has not had the trial to which he is entitled, on issues of both law and fact. We note again that V.R.C.P. 56 does not provide for trying the merits on affidavits, but merely for determination of the existence of evidence sufficient to create an issue. *Johnson, Admx.* v. *Fisher,* 131 Vt. 382, 306 A.2d 696 (1973) ; *Fonda* v. *Fay, supra.*

*Judgment reversed and cause remanded.*